### STURTEVANT VS. STARIN.

A husband is not liable for goods purchased by his wife, merely on the ground that they were "suitable and necessary for the comfort and standing of himself and his family," unless she was living with him at the time of such purchase, or, in case she had deserted him, had done so for good cause.

A tradesman who sells goods on the credit of the husband to the wife who has deserted him without good cause, cannot recover their value, although he had no notice or knowledge of such desertion at the time of the sale.

APPEAL from the Circuit Court for *Walworth* County.

Action to recover $131.79 for goods alleged to have been sold by plaintiff, at his store in Delavan in said county, to the defendant residing at Whitewater in the same county.   Answer, a general denial.   It appeared on the trial that defendant's wife purchased the goods in her husband's name.   The exceptions taken to the rulings of the circuit court, so far as they are passed upon by this court, will sufficiently appear from the opinion.   Judgment and verdict for the plaintiff; and the defendant appealed.

*N. S. Murphy*, for appellant, to the point that if the wife leave her husband without sufficient cause, and refuse to cohabit with him, he is not liable for necessaries, even where the party furnishing them has no notice of such desertion, cited *Manby v. Scott*, 1 Mod., 128 ; *Harrington v. Perot*, 2 Ld. Raymond, 1006; *McCutchen v. McGahay*, 11 Johns., 280 ; Reeves' Dom. Rel., 81 ; *Clifford v. Laton*, 3 C. & P., 15 ; 1 Salk., 119 ; 3 Pick., 289 ; 2 Kent's Comm., 123.

*A. S. Spooner* and *Edson Kellogg*, contra, cited Reeves on Dom. Rel., 82, 83 ; 2 Kent's Comm., 146 ; 2 Bright on H. & W., 3.

*By the Court*, DOWNER, J.   The court below erred in instructing the jury " that if they found that the goods purchased of the plaintiff by the wife of the defendant in his name were such goods as were suitable and necessary for the comfort and standing of himself and his family, then they must find for the plaintiff."   There was evidence tending to prove that

the wife of the defendant, at the time time of the purchase of the goods, had deserted him without cause. They ought to have been instructed that, in addition to the facts contained in the instruction, they must find that she was living with him at the time of the purchase, or, if she had then deserted him, that she had good cause for such desertion. The court also instructed the jury, "that if the defendant's wife had deserted him at the time of such purchase, without cause, and the jury should find that the plaintiff had no knowledge of such desertion, the defendant would be liable for the goods." This was error. If the wife elopes, though the tradesman has *no notice* of the elopement, if he gives credit to the wife even for necessaries, the husband is not liable. *McCutchen v. McGahay*, 11 Johns., 281; *Longworth v. Hackman*, 12 Mad., 144. One or two other instuctions were given, to the effect that the husband would be liable after the elopement of his wife, until the tradesman was informed of the elopement. We do not so understand the law. It is the duty of the tradesman to satisfy himself that the wife, at the time of the sale of the goods, is living with her husband; and if she is not, he sells to her at his peril.

The judgment of the circuit court is reversed, with costs, and a *venire de novo* awarded.