## BROWN VS. WORDEN.

HUSBAND AND WIFE: PLEADING. *Liability of husband for necessaries furnished wife depends on circumstances, which must be stated in complaint.*

1. A husband is not liable for necessaries furnished his wife without his consent, except under special circumstances.
2. In an action against the husband, therefore, a complaint which merely alleges that the plaintiff furnished necessaries to the wife at her request, and that their value " thereupon became due " from defendant to plaintiff, without stating the special circumstances which made him liable, is insufficient on demurrer *ore tenus* at the trial.
3. If the complaint had averred that the goods were sold or furnished *to the defendant*, it seems that evidence would have been admissible under it to show that the wife was the authorized agent of her husband in purchasing them.

APPEAL from the County Court of *Milwaukee* County.

The complaint is as follows:

" Milo W. Brown, the plaintiff in the above entitled action, complains of *Euclid Worden*, and says that between the first day of November, 1873, and the 15th day of October, 1874, he, plaintiff, found and furnished for one Melissa M. Worden, then the wife of the defendant, at the request of the said Melissa M. Worden, necessaries for her use, to the value of seventy-five dollars; that said sum thereupon, on the 15th day of October, 1874, became due therefor from the said defendant to this plaintiff; that no part thereof has been paid, although this plaintiff has at divers times requested the said defendant so to do; that said sum of seventy-five dollars remains due this plaintiff; whereupon he brings this suit and prays judgment for the said sum of seventy-five dollars with costs."

The answer is a general denial.

At the commencement of the trial, and before any testimony had been received, defendant objected to the admission

of any testimony, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The objection was overruled, and the trial proceeded and resulted in a verdict for the plaintiff for one dollar damages. The defendant appealed from a judgment against him entered pursuant to the verdict.

The cause was submitted on briefs.

- *Leander Wyman*, for appellant, with *F. B. Van Valkenburgh*, of counsel, among other points, urged that the complaint was insufficient because it failed to show either that the goods sued for were furnished to or for the use, or on the account or credit, of the defendant, or that he had neglected or refused to furnish his wife any of the necessaries of life.

*McMullen & Houts*, for respondent:

The rule of law is, that by virtue of the marital relation, and in consequence of the obligations assumed by him upon marriage, the husband is bound for the supply of necessaries to the wife so long as she is not guilty of adultery or elopement; and "his assent is presumed to all necessary contracts upon the account of cohabiting, *unless the contrary appear.*" *Cromwell v. Benjamin*, 41 Barb., 558; Schouler on Dom. Rel., 80–82; *Etherington v. Parrott*, 1 Salk., 118. The objection of the appellant is, substantially, that the complaint does not negative certain defenses that he might have had.

LYON, J. Nothing is alleged in the complaint to show that the defendant is liable for the articles therein mentioned, furnished by the plaintiff to the defendant's wife, except that they were furnished at her request, and were necessaries. The claim that the defendant is liable to pay for such articles depends upon these averments alone.

A husband is not liable, *ipso facto*, for necessaries furnished his wife without his consent. It is only under special circumstances and conditions that he is liable therefor. *Sturtevant v. Starin*, 19 Wis., 268; *Warner v. Heiden*, 28 id., 517;

*Bach v. Parmely,* 35 id., 238. Hence, when a third person gives a wife credit for necessaries, there can be no presumption that the husband is liable to pay for them. The facts which render him liable must necessarily be averred and proved, as all facts must upon which the cause of action depends. In this complaint no such facts are averred. Every averment which it contains may be true, and still the plaintiff may not be entitled to recover.

The complaint fails, therefore, to state facts sufficient to constitute a cause of action, and the objection made at the commencement of the trial to the admission of any testimony under it, for that reason, should have been sustained.

Had it been alleged in the complaint, as it was in *Sturtevant v. Starin, supra,* that the articles mentioned therein were sold or furnished *to the defendant,* a different question would be presented. In such case, the question of the authority or agency of the wife might arise, and it is probable that evidence would be admissible, under such a complaint, to show that the wife was the authorized agent of her husband in the transaction. But there would be no presumption that she was such agent; for a wife is not *ipso facto* the agent of her husband. *Savage v. Davis,* 18 Wis., 608.

Whether the obligation of the husband to pay for necessaries furnished his wife without his consent is placed upon the ground that she is his agent for the purpose of procuring them, or solely upon the duty which grows out of the marital relation (*Bach v. Parmely, supra*), the result is the same. In either event, the complaint is barren of averment showing that the defendant is liable in this action.

*By the Court.* — The judgment is reversed, and the cause remanded for further proceedings according to law.