Evans, Appellant, vs. Curtiss and another, Respondents.

Snow, Appellant, vs. Curtiss and another, Respondents.

*November 20 — December 10, 1897.*

*Appealable order: Change of venue.*

Since the passage of ch. 212, Laws of 1895, an order changing the venue of an action on the ground of convenience of the witnesses is not appealable; subd. 4, sec. 3069, R. S., under which such orders were formerly held appealable having been eliminated by that act. Remarks in *Western Bank v. Tallman,* 15 Wis. 92, *held obiter* and disapproved.

Evans vs. Curtiss and another.   Snow vs. Same.

APPEALS from orders of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge.   *Affirmed.*

For the appellants there was a brief signed by *A. R. Bushnell*, a brief in reply by *Bushnell & Rogers*, and the cause was argued orally by *A. R. Bushnell*.

For the respondents there was a brief by *J. E. McMullen* and *Bashford, Aylward & Spensley*, and oral argument by *R. M. Bashford.*

WINSLOW, J.   These are two appeals from orders changing venue in the actions above named, on the ground of convenience of witnesses and that such change will promote the ends of justice.   The point is made in each case that the orders are not appealable, and we are convinced that the point is well taken.   Prior to the passage of ch. 212, Laws of 1895, relating to appealable orders, such orders as those before us were uniformly held appealable, upon the ground that they involved the merits of the action or some part thereof, and hence were included under subd. 4, sec. 10, ch. 264, Laws of 1860, which is practically the same as subd. 4, sec. 3069, R. S. 1878.   *Western Bank v. Tallman*, 15 Wis. 92. When sec. 3069 was revised and amended by ch. 212, Laws of 1895, subd. 4 was eliminated; and it follows that the orders which were theretofore appealable by virtue of that subdivision alone ceased to be appealable after the passage of that act.   It is true that it is intimated in *Western Bank v. Tallman, supra,* that such an order might, perhaps, be held to determine the action within the meaning of subd. 1, sec. 10, ch. 264, Laws of 1860.   The decision, however, was not placed upon that ground, and we do not regard the *obiter* remark well founded.

*By the Court.*— Appeals dismissed.