CLAUSING, Respondent, vs. JACOBS, imp., Appellant.

*November 15—December 5, 1911.*

*Appeal: Review: Findings of fact: Sale of patent.*

In an action to recover an unpaid balance of the purchase price of letters patent, findings of fact by the trial court in favor of the plaintiff are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Plaintiff brought this action to recover a balance alleged to be due on the purchase price of certain letters patent. The complaint alleged that on June 28, 1906, plaintiff was the

owner of a patented invention composed of a tub hoop with steel link attachment, and that on that date he sold such invention, together with machinery and materials, to the defendants for an agreed price of $5,000, of which amount $1,000 was paid in cash and $500 in the stock of the Elastic Hoop Company, a corporation, and that no further sum had been paid.

By their amended answer the defendants alleged that the said tub hoop and attachment covered by the letters patent sold to defendants was a worthless article and of different style and utility than that which plaintiff represented to be conveying, of which fact defendants were not advised until long after June 28, 1906, and that therefore there was no consideration for the amounts paid plaintiff. It was further alleged that plaintiff induced the sale by false and fraudulent representations as to contracts of sale made by him of the patented device. The defendants also counterclaimed for the amount paid and for the return and cancellation of the $500 capital stock of the Elastic Hoop Company, in which corporation all of the defendants were stockholders. On the trial defendants contended that the sale was made to the corporation and not to the defendants as individuals.

[The cause was tried by the court, a jury having been waived by stipulation. Findings were made in favor of the plaintiff, the substance of which will sufficiently appear from the opinion. From the judgment entered on such findings the defendant *Jacobs* appeals.]

*Paul D. Durant,* for the appellant.

*August E. Braun* and *Lyman G. Wheeler,* for the respondent.

BARNES, J. The appellant contends that the court erred (1) in finding that the defendants agreed to purchase the patent right involved and to pay therefor the sum of $5,000 or any other sum, and in not finding that the purchase was in fact made by the Elastic Hoop Company, a corporation;

(2) in finding that the patented invention sold and assigned was the one exhibited to the defendants and to the officers of said corporation and the one which plaintiff in fact agreed to transfer; (3) in finding that the defendants did not rely on a false representation made to the effect that plaintiff had a contract with Sears, Roebuck & Company for the sale of 1,000 gross of the hoops described in the letters patent at a price of $5 per gross; (4) in refusing to find that the device covered by the patent was "impracticable, inutile, and worthless;" (5) in refusing to hold that plaintiff was not the owner of the patent at the time the alleged transfer thereof was made to defendants; (6) in refusing to find that the appellant, *Jacobs,* never agreed to pay the plaintiff any sum or amount for such patent right or for any interest therein. Twenty errors are assigned in all, but the foregoing is substantially a full statement of the questions argued in the briefs and at the bar by appellant's counsel. The evidence is quite voluminous, and to recapitulate it and point out wherein it was sufficient to sustain the findings of the trial court would at best necessitate the writing of a very lengthy opinion. Appellant's counsel devote seventy-eight pages of brief principally to a discussion of that evidence and this is supplemented by a reply brief of ten pages. An opinion reciting and analyzing the testimony would be of no value to the profession as a precedent when written, and the only useful purpose it could serve would be to convince counsel that the case had been given careful and painstaking consideration. We conceive, however, that this is hardly a sufficient reason for lumbering our reports with redundant matter. The material questions involved are questions of fact. The evidence has been carefully read and considered. On most of the questions raised the evidence strongly preponderates in favor of the findings of the court. As to the remaining questions there is ample evidence to support the findings made.

*By the Court.*—Judgment affirmed.