EDER, Respondent, vs. GRIFKA, Appellant.

*April 25—May 14, 1912.*

*Husband and wife: Necessaries furnished to wife: Liability of husband: Pleading: Appeal from civil court of Milwaukee county: Judgment when reversed: Return of clerk: Appeal to supreme court: Findings of fact: Presumption.*

1. For necessaries furnished his wife a husband is liable only under special circumstances and conditions, and these must be pleaded in order to state a cause of action against him.
2. Under subd. 3, sec. 28, ch. 549, Laws of 1909, judgments of the civil court of Milwaukee county are not to be reversed on appeal unless it affirmatively appears that manifest error in that court deprived the appellant of a fair trial, and that by reason

Eder v. Grifka, 149 Wis. 606.

thereof his rights cannot be protected and substantial justice done without a reversal of the judgment.

3. No such prejudicial error resulted where, after overruling a demurrer *ore tenus* to a complaint which failed to allege the necessary special circumstances to entitle plaintiff to recover for necessaries furnished to defendant's wife, the trial court proceeded with the trial and found, upon the evidence, that such special circumstances and conditions existed,—there being nothing in the record to show that defendant was surprised by the court's ruling or was unable to produce his evidence on those issues, or that he did not fully meet those issues with such evidence as he could command.

4. Appeals to the circuit court from the civil court of Milwaukee county should be taken in the manner provided by ch. 160, Stats., relating to appeals from justices' courts; and the return of the clerk should contain the evidence taken upon the trial.

5. Where, upon such an appeal, the return did not contain the evidence, but the judgment was affirmed by the circuit court upon the minutes of the clerk and the findings of the judge of the civil court, such findings will, upon an appeal to the supreme court, be presumed to have been sustained by the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was begun in the civil court of Milwaukee county to recover the reasonable value of necessaries furnished by the plaintiff to the defendant's wife at her request.

The complaint alleges that the plaintiff and the defendant are residents of Milwaukee county; that the defendant is the husband of Bessie Grifka; that the plaintiff between certain alleged days, at the request of Bessie Grifka, furnished her twenty-six weeks and four days with board and lodging and $12.50 in cash; that the board and lodging so furnished were reasonably worth the alleged sum; and that, although payment had been demanded from the defendant for the value of the board and lodging and for the money advanced to his wife, payment had been refused. The answer is a general denial.

After the first witness was sworn upon the trial the defendant objected to the admission of any evidence under the com-

plaint, on the ground that the complaint did not state facts sufficient to constitute a good cause of action.   The objection was overruled, the defendant excepted, and the trial proceeded.   The minutes of the clerk show that witnesses were sworn in behalf of the plaintiff and in behalf of the defendant and that they gave their evidence; that the hearing of the testimony took all of one afternoon and part, at least, of the next day (none of the evidence is returned as part of the record transmitted to the circuit court on appeal) ; that after the arguments of the counsel had been concluded the court continued the case for a week; and that at this time the court filed an opinion finding that the claim of the plaintiff was established by evidence and that the defendant was indebted therefor to the plaintiff.

The findings of fact filed by the court state that the defendant and Bessie Grifka were husband and wife during the period during which the plaintiff furnished the wife with boarding and lodging; that the plaintiff was the father of the defendant's wife; that for more than two months after the marriage of the defendant he and his wife lived at the home of the defendant's mother; that two grown brothers of the defendant occupied the same house; that the members of the defendant's family so conducted themselves toward his wife as to show plainly that she was not welcome in the house; that the defendant's wife, prior to going to live at her father's home and while she was there, repeatedly requested her husband to provide a suitable home for her; that he refused and neglected to provide any home for her except the home of his mother, although he was of sufficient financial ability to provide a home; that the defendant took his wife from the home of his mother to a hotel in the city, remained there with her for a while, but finally returned to the home of his mother, leaving his wife at the hotel; that the wife refused to go with him to the home of his mother, because of previous ill-treat-

ment and humiliation from the members of the family when she was there; that the defendant paid part of the expenses of his wife at the hotel, but withdrew his credit from her there and also notified stores in the city not to sell and deliver any goods to his wife on his credit; that the defendant's wife, while visiting her husband at the home of his mother, was driven therefrom with a knife by one of his brothers; that the defendant's wife was without money at the hotel and the plaintiff paid $12.50 to have her trunk released; that the defendant's wife removed from the hotel to. the home of the plaintiff and was there furnished with board, lodging, and laundry during the time for which the plaintiff demands pay; that the board, lodging, and laundry were necessaries; that the defendant, during the period of his married life, had rather reluctantly given his wife not to exceed $40; and that the board and lodging furnished the defendant's wife by the plaintiff were reasonably worth $5 per week.

The court concluded as matter of law that the conduct of the defendant's wife in living separate and apart from her husband and in refusing to cohabit with him at the home of his mother was justified; that the board and lodging furnished her by the plaintiff and the payment of the hotel bill were necessaries; and that the plaintiff was entitled to recover the reasonable value of the board and lodging and the sum paid to the hotel.

An appeal was taken from the judgment of the civil court to the circuit court for Milwaukee county. The clerk of the civil court did not transmit any of the evidence taken on the trial in the civil court, but the judgment of the civil court was affirmed by the circuit court on the minutes of the clerk and the findings of the judge of the civil court. This is an appeal from the judgment of the circuit court affirming the judgment of the civil court.

For the appellant there was a brief by *Arthur A. Mueller,*

attorney, and *Julius O. Roehl,* of counsel, and oral argument by *Mr. Mueller.*

For the respondent there was a brief by *Roethke & Affeldt,* and oral argument by *George A. Affeldt.*

SIEBECKER, J.    It is manifest that the complaint was insufficient in that it failed to allege any of the special circumstances and conditions showing that the defendant was liable for necessaries furnished to his wife.    A husband is not *ipso facto* liable for all necessaries that may be furnished his wife. It is only under circumstances and conditions showing a necessity that they be furnished her by others, such as his misconduct compelling her to leave him and their home, his wilful refusal to provide for her, or his deserting her, that the husband is liable for them.    Since the special circumstances and conditions creating such a liability are essential to a cause of action for such a claim, they must be alleged to constitute a good complaint in such an action.    *Brown v. Worden,* 39 Wis. 432; *Warner v. Heiden,* 28 Wis. 517.

It appears from the record of the proceedings had in the civil court that when the first witness called by the plaintiff to sustain his claim had been sworn, the defendant objected to the reception of any evidence under the complaint upon the ground that it failed to allege facts sufficient to constitute a cause of action.    The court overruled the objection and ordered that the trial proceed.    The question is: Does this error of the civil court require reversal by the circuit court of the judgment appealed from?    It is provided by subd. 3, sec. 28, ch. 549, Laws of 1909, that

"Every judgment of said civil court shall be affirmed or modified and affirmed as so modified, by the circuit court, upon appeal, unless, by reason of manifest prejudicial error in the trial of the action in which such judgment was rendered, any party thereto has not had a fair trial thereof in the civil

court; but in any such case of mistrial, where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected, the judgment of the civil court therein shall be reversed," etc.

It is obvious from the context of this provision that a judgment of the civil court is not to be reversed upon appeal to the circuit court, unless, upon examination of the record of the civil court as returned to the circuit court, it shall appear from such return that "by reason of manifest prejudicial error in the trial" the appellant "has not had a fair trial thereof in the civil court." It is also provided that "in any such case of mistrial, where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected," the judgment appealed from is to be reversed and further proceedings, as there provided, are to be had in the appellate court. It seems reasonably clear from the statute that the appellant was not, as a matter of right, entitled to reversal of the judgment by reason of manifest error committed by the trial court. It must furthermore appear in the circuit court that the manifest error resulted in an unfair trial of the action as to the appellant and that by reason thereof substantial justice cannot be done except by a reversal, and that the appellant's rights cannot be otherwise observed and protected. The legislature, in dealing with this subject, evidently designed to make it the rule that the judgment of the trial court should stand unless it should affirmatively appear, upon examination of the record, that the error complained of had such a prejudicial result that the appellant did not have a fair trial, and that by reason thereof his rights cannot be protected and substantial justice done him without a reversal of the judgment appealed from. It therefore devolved on the circuit court to examine the record and determine whether the error complained of had had such an adverse effect upon the appellant's rights as required a reversal of the judgment. Obviously, the object of

this procedure is to promote the ends of justice and obviate the necessity of retrials of causes on account of such errors, when the appellate court is of the opinion that such a technical mistrial did not produce a miscarriage of justice, and that substantial justice was attained by the judgment appealed from.    Applying this test to the instant case, it must be ascertained whether or not the holding of the trial court in overruling the demurrer *ore tenus* prevented the appellant from having a fair trial, whether or not it operated in such a way that substantial justice was not done, and whether or not the rights of the appellant could be observed and protected without a reversal of the judgment.    The record shows that the trial court proceeded with the trial, after overruling the demurrer *ore tenus,* and that witnesses were sworn by both parties and their evidence taken.    No record of the evidence was returned by the civil court, but the civil court made its findings of facts upon the disputed issues of fact, to the effect that the special circumstances and conditions of defendant's liability for necessaries of his wife were shown to exist.    These issues were gone into on the trial and were determined by the court.    There is nothing in the record showing that the defendant was surprised by the court's ruling, was unable to produce his evidence on these issues, or that he did not fully meet these issues with such evidence as he could command in defense to plaintiff's claim.    Under these circumstances the error of the court's ruling did not deprive the appellant of a fair trial; nor did the ruling against him operate to prevent substantial justice being done and his rights from being observed and protected by the judgment he appealed from.    Under such circumstances the provisions of the statutes do not contemplate that the judgment should be disturbed on appeal. Since the evidence is not before us, it is presumed that the findings are sustained by the evidence adduced.

It is to be observed that the return of the clerk of the civil court, pursuant to ch. 160, Stats., should contain the evidence

taken on the trial. Sec. 3763, Stats. (1898). The procedure for taking an appeal from the civil court to the circuit court shall be in the manner provided by ch. 160 of the Statutes relating to appeals from justices' courts. Subd. 1, sec. 28, ch. 549, Laws of 1909. See *Fred Miller B. Co. v. Milwaukee,* 150 Wis. ——, 136 N. W. 157.

   *By the Court.*—The judgment appealed from is affirmed.