PABST BREWING COMPANY, Appellant, vs. MILWAUKEE LITHOGRAPHING COMPANY, Respondent.

*March 19—April 9, 1914.*

*Appealable orders: Appeal from Milwaukee civil court: New trial, when to be ordered: "Manifest prejudicial error:" Landlord and tenant: Notice terminating tenancy from year to year: Form and sufficiency: New tenancy from month to month: Evidence.*

1. The provision of sec. 3069, Stats., authorizing an appeal from an order of the circuit court granting a new trial, applies to such an order made by the circuit court for Milwaukee county in a case brought there by appeal from the civil court.

2. A notice in writing to a tenant from year to year, given on March 26th, to the effect that his lease expires on April 30th (the end of the rental year) and that from and after the latter date the lessor will consider him a tenant from month to month at a specified increased monthly rental, was sufficient in form, under sec. 2187, Stats., to put an end to the tenancy from year to year.

3. Where the tenant, without making any response to such notice, continued to occupy the premises and paid rent at the increased rate, a new tenancy from month to month was created upon the terms of the notice.

4. A letter from the lessor to the lessee, written in July following, stating that it had an offer to lease the property for a term of ten years from May 1st of the next year, and asking the intentions of the lessee as to occupying the same after that date, to which the lessee replied that it expected to occupy its new quarters by that date, did not modify the terms of the notice above mentioned nor create a tenancy to said May 1st.

5. Within the meaning of the act creating the civil court of Milwaukee county (ch. 549, Laws of 1909), the "manifest prejudicial error" which will justify the circuit court in reversing the

judgment of the civil court and ordering a new trial in the circuit court, is such error as warrants the supreme court on appeal in reversing the circuit court; and the findings of fact by the civil court should not be set aside unless they are against the clear preponderance of the evidence.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

Action for unlawful detainer, tried in the civil court of Milwaukee county without a jury, a jury having been waived, where judgment went for the plaintiff, appellant here, and on appeal to the circuit court a new trial was ordered. The appeal here is from the order of the circuit court granting a new trial.

The respondent, *Milwaukee Lithographing Company,* and its predecessors occupied the premises in question, known as 217–219 Third street in the city of Milwaukee, for many years prior to April, 1906. On April 19, 1906, a lease was made to the respondent by the appellant for a term of two years expiring April 30, 1908, signed on behalf of appellant by C. W. Henning, vice-president, and H. J. Stark, secretary. After the expiration of this lease the respondent occupied the premises as tenant from year to year of the appellant at a rental of $275 per month, payable monthly, the yearly tenancy expiring April 30, 1912. On the 25th day of March, 1912, the appellant mailed the following notice to the respondent:

"March 25, 1912.

*"Milwaukee Lithographing Company,*
    "217–219 Third St., City.

"Gentlemen: Please take notice that the lease under which you are holding possession of the property known as 217–219 Third street expires on the 30th day of April, 1912, and we shall from and after that date consider you as tenants from month to month at the rate of $300 per month.

"As you are well aware, the rental value of downtown property has been increased considerable, but as stated above we are willing to have you continue as our tenants at the rate mentioned.

"Hoping to hear from you by return mail as to your inten-
tions the coming year, we are,

"Yours very truly,

"PABST BREWING COMPANY,

"Real Estate Department,

"By P. J. M."

This notice was received by the respondent on the 26th day
of March, 1912, to which it made no reply, but commenced to
pay under it $300 per month rent without dissent, objection,
or qualification to the terms stated in such notice. After-
wards all formal steps were taken to entitle appellant to pos-
session and to recover in the unlawful detainer action if re-
spondent was its tenant from month to month from and after
May 1, 1912.

*Henry W. Stark,* attorney, and *James D. Shaw,* of coun-
sel, for the appellant.

*J. W. McMillan* and *F. F. Groelle,* for the respondent.

KERWIN, J.   It is suggested by respondent, though not
very strenuously pressed in argument, that the order granting
a new trial is not appealable.   It is said that the appellant is
not aggrieved, because if it has a meritorious cause of action
it still has opportunity to substantiate it on a trial in the cir-
cuit court.

The right of appeal is statutory, and the question turns on
whether sec. 3069, Stats., reaches the present order.   Sec.
3069 enumerates the appealable orders, and provides that,
when an order of the circuit court grants a new trial, such
order may be carried to the supreme court by appeal.   It may
be said that this statute has reference to orders for new trial
in cases where the action was brought in the circuit court
originally and not to cases carried there by appeal from the
civil court.   This statute was in force when the act establish-
ing the civil court was passed.   Its terms are general and
apply to all orders for new trial made by the circuit court.
We see no reason why it does not cover an order for a new

trial made by the circuit court in a case brought there by appeal from the civil court. We think the order is appealable. *Hanna v. C., M. & St. P. R. Co., post,* p. 626, 146 N. W. 878.

The main contention in this court is that there was no monthly tenancy, but on the contrary, when the notice to quit was given, the respondent was holding over as tenant from year to year, or at least until May 1, 1913. It is argued that the notice and service thereof were insufficient. We have set out the notice in the statement of facts. It is brief, but to the point, and we think sufficient under the statute. Sec. 2187, Stats., provides that if a tenant for a year or more shall hold over after the expiration of his term he may, at the election of his landlord, be considered a tenant from year to year upon the terms of the original lease; but that such tenancy may be terminated at the end of any year after, the expiration of said term, by either party to said lease, upon giving to the other party thereto a notice in writing, not less than thirty days prior to the date of such expiration, that he elects to terminate such lease at the end of such year.

The respondent, having remained in possession and commenced paying the increased rent according to the terms of the notice, accepted its terms and became a tenant from month to month, unless the terms of the notice were in some way modified. *Williams v. Foss-Armstrong H. Co.* 135 Wis. 280, 115 N. W. 803. Counsel for respondent endeavor to distinguish the instant case from *Williams v. Foss-Armstrong H. Co., supra,* on the ground that the tenancy from month to month mentioned in the notice was modified by evidence which showed a holding over for a year from May 1, 1912. The civil court, however, held to the contrary, and such holding is supported by the evidence.

The main evidence relied upon by respondent under this head is an alleged conversation testified to by Mr. Davis, president of respondent, which he claimed he had on March 26,

1912, with Mr. Stark, an officer of appellant, and two letters, one dated July 26 and the other July 30, 1912. The alleged conversation Mr. Stark testified never occurred, and the civil court held that the preponderance of the evidence showed that it did not occur. The two letters, the civil court held, did not change the situation created by the notice and payment of rent under it.

Counsel for respondent insists that the notice of March 25, 1912, was not sufficient under sec. 2187, Stats. In this we think counsel is mistaken. It plainly notified respondent that the lease expired on April 30, 1912, and that any holding thereafter would be from month to month at $300 per month. This, when accepted, was sufficient to create a new tenancy on the terms of the notice.

It is also argued that the letters of July 26th and July 30th, before referred to, amounted to an offer and acceptance of a tenancy to May 1, 1913. The civil court was well warranted in finding that these letters did not establish such a contract, or modify the terms of the tenancy created by the notice of March 25, 1912, and payment of rent under it. The letter of July 26th was written by appellant to respondent informing it that appellant had an offer to lease the property in question for a term of ten years from May 1, 1913, and stating that before making any arrangements it wished to be advised of the intentions of the respondent as to occupying the premises after May 1, 1913. The respondent replied by the letter of July 30th, saying very briefly that it expected to occupy its new quarters by May following. There is nothing in these letters which modifies the terms of the notice of March 25th. On the contrary, such correspondence is consistent with a monthly tenancy and offer by appellant to negotiate for another lease.

But it is argued by respondent that the evidence offered by it was received for a limited purpose, therefore its rights were prejudiced. We do not so understand the record. We think

that the evidence was received and considered by the civil court for the purpose for which it was offered, and that, considering all the evidence offered in its broadest scope, the civil court was justified in its findings and conclusions.

The circuit court reversed the judgment of the civil court and ordered a new trial upon the ground that the respondent did not have a fair trial in the civil court; that there was manifest prejudicial error in the record of the proceedings in the civil court; and that substantial justice cannot otherwise be done. The statute creating the civil court, ch. 549, Laws of 1909, as amended by ch. 425, Laws of 1911, and ch. 320, Laws of 1913, sec. 28, sub. 3, provides, in substance, that on appeal from the civil to the circuit court every judgment of the civil court shall be affirmed or modified and affirmed as so modified, unless, by reason of manifest prejudicial error in the trial of the action in which such judgment was rendered, any party thereto has not had a fair trial in the civil court; but in any such case of mistrial, where substantial justice cannot otherwise be done and the rights of the parties otherwise protected, the judgment of the civil court shall be reversed, and the action ordered tried in the circuit court. Point is made that the law was changed pending the appeal in this case by ch. 320, Laws of 1913. It will be seen, however, that the provision allowing a new trial on account of manifest prejudicial error has not been changed, and no change was made by the amendment of 1913 affecting the questions before us on this appeal.

We are convinced that manifest prejudicial error within the meaning of the statute is such error as warrants this court in reversing the circuit court, and that with reference to reversal by the circuit court of judgments of the civil court the same rule which obtains in this court on reversal of circuit court judgments on appeal to this court also obtains; and that a new trial shall be ordered by the circuit court only in cases where substantial justice cannot otherwise be done and the rights of the parties otherwise protected, in which case the

judgment of the civil court shall be reversed and the action ordered tried in the circuit court. *Eder v. Grifka,* 149 Wis. 606, 136 N. W. 154; *Hanna v. C., M. & St. P. R. Co., post,* p. 626, 146 N. W. 878. In the case at bar, therefore, the court erred in setting aside the findings of the civil court for the reason that such findings were not against the clear preponderance of the evidence. The findings of fact of the civil court, incorporated in its decision, must be regarded as findings of fact here. *Duncan v. Duncan,* 111 Wis. 75, 86 N. W. 562; *Hubbard v. Ferry,* 141 Wis. 17, 123 N. W. 142; *Clausing v. Jacobs,* 147 Wis. 438, 133 N. W. 582. It follows that the order appealed from must be reversed.

*By the Court.*—The order of the court below reversing the judgment of the civil court and granting a new trial is reversed, and the cause remanded with directions to affirm the judgment of the civil court.