HANNA, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and another, Respondents.

*March 20—April 9, 1914.*

*Appealable orders: Appeal from Milwaukee civil court: New trial, when to be granted: Excessive damages: Reduction: Option to take smaller sum.*

1. An order of the circuit court reversing a judgment of the Milwaukee civil court and granting a new trial in the circuit court is appealable under sec. 3069, Stats.
2. Under ch. 320, Laws of 1913, the circuit court can reverse a judgment of the civil court upon appeal and grant a new trial in the circuit court only when by reason of "manifest prejudicial error, . . . any party thereto has not had a fair trial thereof in the civil court," and then only "where substantial justice cannot otherwise be done and the rights of the parties other-

wise preserved and protected." It was error, therefore, to grant a new trial absolutely on the ground of excessive damages.

3. Where damages allowed in the civil court are manifestly excessive, the circuit court upon appeal may, if they were allowed by the civil judge, reduce the amount of the recovery, or, if the excessive allowance was by a jury in the civil court, may make an alternative order giving respondent an option to avoid a new trial by accepting a smaller sum.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

The appeal is from an order granting a new trial in a case appealed to the circuit court from the civil court of Milwaukee county.

For the appellant there was a brief by *Glicksman, Gold & Corrigan* and *Henry Mahoney,* and oral argument by *W. D. Corrigan.*

For the respondents there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *R. M. Trump,* and oral argument by *Mr. Trump.*

TIMLIN, J. Sec. 3069, Stats., provides that an order made by the circuit court granting a new trial may be carried by appeal to the supreme court. This provision long antedates the establishment of the civil court in Milwaukee, and no doubt originally applied only to orders made by the circuit court in cases tried by that court.

By ch. 549, Laws of 1909, the civil court of Milwaukee county is established with powers and jurisdiction therein specified. Provision is made in sub. 1 of sec. 28 of that chapter for an appeal to the circuit court for Milwaukee county from any final judgment of said civil court or from any order of the civil court from which an appeal to the supreme court might be taken if such order were made by a circuit court. We are unable to limit the scope of these words found in sec. 3069 merely on the ground that this statute existed before

the civil court was established and before the circuit court was given the power in this case exercised. We must hold the order appealable; although a case is presented where the legislature might properly cut off an appeal and allow a review on appeal from the final judgment only.

Ch. 320, Laws of 1913, following sec. 28, ch. 549, Laws of 1909, provides that every judgment of the civil court shall be affirmed or modified and affirmed as so modified by the circuit court upon appeal, unless, by reason of manifest prejudicial error in the trial of the action in which such judgment was rendered, any party thereto has not had a fair trial thereof in the civil court; but in any such case of mistrial, where substantial justice cannot otherwise be done and the rights of the parties otherwise preserved and protected, the judgment of the civil court therein shall be reversed, and the circuit court shall order the action tried in said circuit court in the same manner as if originally brought there, except, etc.

It is quite apparent that reversing a judgment of the civil court and ordering a new trial absolutely on the ground of excessive damages is in violation of this express statute. For the judgment is not to be reversed and a new trial ordered even when the grave errors described in this statute have occurred, except when substantial justice cannot otherwise be done and the rights of the parties cannot otherwise be preserved. But in all cases of excessive allowance of damages by the civil judge, the circuit judge, if warranted by the evidence, may reduce the amount of recovery, and in all cases of excessive allowance of damages by a jury in the civil court the circuit court may make the alternative order described in *Rueping v. C. & N. W. R. Co.* 123 Wis. 319, 101 N. W. 710; *Heimlich v. Tabor,* 123 Wis. 565, 102 N. W. 10; *Beach v. Bird & W. L. Co.* 135 Wis. 550, 116 N. W. 245; *Secard v. Rhinelander L. Co.* 147 Wis. 614, 133 N. W. 45.

This might end the case and is also a valuable right of the respondent in that court, giving him the option of ending the litigation then and there, and it obviates the necessity of a

new trial in case the order is accepted by either party.    There-
fore, by following the cases above cited substantial justice may
be done without compelling a new trial, consequently the cir-
cuit court is to follow this course.    The order here appealed
from was therefore in violation of statute and must be re-
versed.    In all cases where the amount of damages awarded by
the judge of the civil court is up for review in the circuit
court, the circuit court is not to disturb the award unless
there is manifest error.    If the circuit court has acted thereon,
this court will sustain the ruling of the circuit court when-
ever that can be done upon the evidence.    There seems to be
an opinion prevalent that the statute in question enlarges the
power of the circuit court to reverse judgments of the civil
court on appeal.    We understand the statute restricts such
power in a considerable degree.    That is, not only must there
be error discovered, but that error must be manifest—that is,
clearly apparent,—it must also be prejudicial to the party ap-
pealing, and it must also have deprived him of a fair trial.
Even then such error is to be corrected in some other way than
by granting a new trial except in those cases in which sub-
stantial justice cannot otherwise be accomplished.

   *By the Court.*—Order reversed, and the cause remanded
for further proceedings according to law.