WITT, Appellant, vs. VOIGT, Respondent.

*February 23—March 14, 1916.*

*Animals: Evidence as to habits: Sales: Warranty: Breach: Offer of evidence: Sufficiency.*

1. If it be established that an animal of mature age did not, up to a certain time, have a certain habit, that fact tends to cast doubt upon evidence that shortly thereafter it did have such habit.
2. Thus, in an action for breach of a warranty by defendant that a horse sold by him was kind and gentle and would not kick or bite, there being evidence for plaintiff that the horse kicked, bit, and was vicious after the sale, it was error to exclude testimony offered by defendant to show that prior to the sale the horse was not vicious and did not kick or bite.
3. A statement by defendant's counsel in such case to the effect that he had witnesses in court who were familiar with the horse before it was sold and who would testify that it did not kick, bite, or act viciously while defendant had it, whereupon the court informed him that such evidence would not be received, was a sufficient offer of the evidence under the circumstances.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action begun in the civil court to recover damages for breach of warranty in the sale of a horse. Upon a general verdict for plaintiff in the sum of $152.07 the civil court entered judgment and the defendant appealed. The complaint alleged that the "defendant warranted and represented to the plaintiff that said horse was kind and gentle and would not kick or bite, and that the same was a suitable horse for said plaintiff for use in his said business as a painter." It is further alleged "that at the time of said sale and warranty said horse was not kind and gentle, but on the contrary was vicious, and the horse was not one that would not kick, but on the contrary was addicted to kicking, and restive and ungovernable whenever the plaintiff attempted to place a harness upon said horse." The plaintiff showed by his own testimony and that of several others that the warranty was made, and showed by like testimony that the horse kicked, bit, and was vicious. Defendant sought to show by five witnesses who would testify to their familiarity with the horse preceding the sale that this horse was not a vicious horse, a kicker, or biter, but the testimony was excluded by the trial court on the ground that if there was a warranty as alleged in the complaint and supported by proof, then it was immaterial what the horse had been before sale, because the warranty related to the future and there was the evidence of eye-witnesses to the fact that it did kick and bite and act viciously in the possession of plaintiff; and if there was no warranty no cause of action remained. Because of the exclusion of such evidence the circuit court ordered a new trial, and plaintiff appealed.

*William J. Morgan,* for the appellant.

For the respondent the cause was submitted on the brief of *Lenicheck, Robinson, Fairchild & Boesel.*

VINJE, J. The gist of plaintiff's argument is that since the jury found a warranty and found a breach thereof it is

immaterial what had been the habits of the horse in the past as to biting and kicking; that since it was established that the horse did kick and bite while in plaintiff's possession, proof of the fact that it did not do so while defendant had it would not relieve him of liability on his warranty that the horse would not kick and bite. This argument is sound assuming that it is admitted or established beyond controversy that the horse did, without any fault on plaintiff's part, kick and bite while he had it. Animals, however, like human beings, have habits or propensities more or less fixed and enduring. Therefore, if it be established that an animal of mature age up to a certain time does not have a certain habit, such fact tends to cast doubt upon evidence that shortly thereafter it did have such habit. In fact the only way to rebut evidence that the horse kicked and bit upon certain occasions while in plaintiff's possession, by others than eye-witnesses to those occasions, would be by evidence of the horse's previous good conduct in that respect. The probative force of such evidence would be for the jury. It might be of such character as to wholly discredit the evidence of those who testified they saw it bite and kick, or it might satisfy the jury that if the horse did bite and kick the fault lay with the plaintiff in the manner in which he handled it. In either case no recovery could be had. The defendant should have been permitted to put in this defense and the circuit court properly granted a new trial because of its exclusion. *Kavanaugh v. Wausau,* 120 Wis. 611, 98 N. W. 550.

Some point is made that a proper offer of evidence was not tendered by the defendant. A careful perusal of the colloquy between court and counsel establishes the fact that defendant's counsel said in substance that he had witnesses in court who were familiar with the horse before it was sold and who would testify that it did not kick, bite, or act viciously while defendant had it, whereupon the court informed him

that such evidence would not be received.   This was a sufficient offer under the circumstances.

This appeal was taken before the amendment of 1915 declaring orders for new trials upon appeals from the civil court nonappealable.

*By the Court.*—Order affirmed.