13]       JANUARY TERM, 1916.        647

Mechanical Appliance Co. v. A. Kieckhefer E. Co. 163 Wis. 647.

MECHANICAL APPLIANCE COMPANY, Appellant, vs. A.
KIECKHEFER ELEVATOR COMPANY, Respondent.

*June 13, 1916.*

*Appealable orders.*

An order of the circuit court reversing a judgment of the civil
court of Milwaukee county and ordering a new trial in the cir-
cuit court "grants a new trial" and hence is appealable under
sub. (3), sec. 3069, Stats. 1915. The proviso in said sub. (3) that
no order shall be considered appealable which simply reverses
or affirms "an *order* of the civil court," is not applicable.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Motion to dis-
miss denied.*

The respondent moved to dismiss the appeal.

For the respondent, in support of the motion, there was a
brief by *Doe, Ballhorn & Doe,* and oral argument by *Harold
M. Wilkie.*

For the appellant there was a brief by *Robert R. Freeman,*
and oral argument by *Timothy Brown.*

PER CURIAM.   In this action, commenced in the Milwau-
kee county civil court, judgment was rendered in that court
for the plaintiff, and the defendant appealed therefrom to the
circuit court, where the judgment was reversed and a new
trial ordered.   The plaintiff has appealed to this court from
this order, and the respondent now moves to dismiss the ap-
peal on the ground that the order is not appealable.

The motion must be denied.   It was held in *Pabst B. Co.
v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879, that an
order of the circuit court reversing a judgment of the civil
court and ordering a retrial of the case in the circuit court
"grants a new trial" and hence is appealable under the ex-
press language of sub. (3), sec. 3069, Stats., enumerating

certain classes of appealable orders. That decision covers this case unless there has been a material change in the statute, and really that is the question to be determined on this motion. By ch. 219 of the Laws of 1915 a clause was added to the subdivision cited providing (with some exceptions not material here) that an order which simply reverses or affirms an order of the civil court should not be considered appealable. It seems clear that this proviso does not apply to this case. The word "order" is used in all parts of the section technically and intentionally as meaning a direction of the court not included in a judgment. The order which is appealed from here did not simply reverse or affirm an "order" of the civil court, but reversed a "judgment" of the civil court and ordered a new trial. The court cannot extend the proviso to cover cases which its plain language does not reach.

The final sentence of the opinion in the case of *Witt v. Voigt,* 162 Wis. 568, 156 N. W. 954, is construed as an intimation that the proviso in question applies to a case like the present. The point was not before the court, however, in that case, and we are satisfied that the proviso does not apply.

*By the Court.*—Motion denied, without costs.