DONOVAN, by guardian *ad litem*, Appellant, vs. NORTHWEST-
ERN SCHOOL FOR STAMMERERS, Respondent.

*March 13—April 4, 1917.*

*Contracts: Breach: Special damages: Appeal from Milwaukee civil
court: New trial, when to be ordered.*

1. In an action for breach of a contract by which defendant guaran-
teed to cure plaintiff of stammering within five weeks or return
his tuition fee of $65, the facts that plaintiff was not cured within
five weeks and that thereafter, at defendant's request, he con-
tinued the treatment for a month or more and then left, having
become satisfied that no cure would be effected, did not warrant
recovery of any damages beyond the amount of the tuition fee.
2. Upon an appeal from the Milwaukee civil court the circuit court
should order a new trial only in case substantial justice cannot
otherwise be done. Thus, where plaintiff was entitled, upon the
evidence in the civil court, to recover $65 and no more, but had a
verdict and judgment in that court for a larger sum, the circuit
court should merely have reduced the recovery to $65, and
should not have ordered a new trial.

APPEAL from an order of the circuit court for Milwaukee
county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This action was brought in the civil court of Milwaukee
county to recover for breach of contract, by the terms of
which the defendant, which was conducting a school for
stammerers, guaranteed to cure the plaintiff of stammering,
and in case of failure to cure to return the tuition fee, $65.
The jury returned the following verdict:

"(1) Did the defendant guarantee the plaintiff that he
would be cured of stammering? *A.* (by the court by con-
sent of counsel). Yes.

"(2) Did the plaintiff co-operate with the defendant in
effecting a cure? *A.* Yes.

"(3) If the court should be of the opinion that plaintiff
should recover in this case, at what sum do you assess his
damages? *A.* $190."

Judgment was rendered upon the verdict in favor of the
plaintiff, and on appeal to the circuit court the judgment

was reversed and a new trial ordered, and the appeal here is from the order granting a new trial.

For the appellant there was a brief by *Raymond J. Cannon,* attorney, and *Bernard V. Brady,* of counsel, both of Milwaukee, and oral argument by *Mr. Cannon.*

For the respondent there was a brief by *Frank H. Hannaford,* attorney, and *Charles S. Thompson,* of counsel, both of Milwaukee, and oral argument by *Mr. Thompson.*

KERWIN, J.   It appears from the verdict and undisputed evidence that the defendant guaranteed to cure the plaintiff of stammering within five weeks or return the tuition fee, $65; that the plaintiff diligently co-operated with defendant during that time and the defendant failed to effect a cure. After the expiration of five weeks the plaintiff continued the treatment at the request of the defendant for at least a month and became satisfied that no cure would be effected, and left. The contention of the appellant here is that he should have had judgment upon the verdict, and that the amount allowed by the jury was less than what should have been allowed him, the theory being that he was entitled to pay for his time in addition to the $65 tuition fee guaranteed to be returned in case of failure to cure.

We are convinced from the whole record that there is no basis for any damages beyond the amount of the tuition fee, $65, and that the civil court should have granted judgment for that amount.

On appeal to the circuit court a new trial should be ordered only in cases where substantial justice cannot otherwise be done and the rights of the parties otherwise protected.   In the instant case upon the undisputed evidence it was the duty of the circuit court to modify the judgment of the civil court and order judgment for the sum of $65 and costs, and the circuit court was in error in ordering a new trial.   *Eder v. Grifka,* 149 Wis. 606, 136 N. W. 154.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to the circuit court to modify the judgment of the civil court by reducing the amount of damages to $65 and costs.