BRUST and another, Appellants, vs. FIRST NATIONAL BANK OF STEVENS POINT, Respondent.

*December 13, 1921—January 10, 1922.*

*Venue: Ruling on change of venue not appealable: Civil court of Milwaukee county: New trial after venue changed.*

1. An appeal does not lie from an order granting or denying a change of venue.
2. The fact that an order granting defendant's motion for a change of venue, after appeal from a judgment of the civil court of Milwaukee county to the circuit court, included a direction for a trial *de novo* in the circuit court of the county to which the venue was changed, does not make the order appealable, since ch. 261, Laws 1913, provides for a new trial under such circumstances, and such new trial would have followed as of course even if the order had been silent as to that point.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Dismissed.*

Action begun in the civil court of Milwaukee county against the defendant bank, whose principal place of business is Portage county, Wisconsin. The defendant moved in the civil court for a change of venue to Portage county, but the motion was denied, whereupon it answered and permitted a judgment for $1,834 with interest and costs against

·it by default.   It appealed to the circuit court and there again moved for a change of venue to Portage county, and from an order changing the venue to such county and providing for a new trial in the circuit court for Portage county the plaintiffs appealed to this court.

For the appellants there was a brief by *Kaumheimer & Kenney* of Milwaukee, and oral argument by *R. I. Kenney.*

For the respondent there was a brief by *Fisher & Cashin* of Stevens Point, attorneys, and *F. F. Wheeler* of Milwaukee, of counsel, and oral argument by *Mr. Wheeler.*

VINJE, J.   It is well settled that an appeal does not lie from an order denying or granting a change of venue. *Evans v. Curtiss,* 98 Wis. 97, 73 N. W. 432; *Latimer v. Julius Andrae & Sons Co.* 101 Wis. 311, 77 N. W. 1119; *Waukesha Co. Agr. Soc. v. Wis. Cent. R. Co.* 117 Wis. 539, 94 N. W. 289.   But it is argued by plaintiffs that since this order included a direction that there should be a trial *de novo* in the circuit court for Portage county, it was in effect an order granting a new trial and therefore appealable under the decisions of *Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879; *Hanna v. C., M. & St. P. R. Co.* 156 Wis. 626, 146 N. W. 878; *Mechanical A. Co. v. A. Kieckhefer E. Co.* 163 Wis. 647, 159 N. W. 556.   The difficulty with this argument is that the legislature and not the court directed the new trial.   Ch. 261, Laws 1913, provides that in cases like this, where a defendant is a nonresident of Milwaukee county and a change of venue is granted in the circuit court for Milwaukee county to the county of his residence, "there shall be a trial *de novo* in the same cases and under the same provisions of law as in cases of appeals from justice courts." The new trial in the circuit court for Portage county would have followed as a matter of course if the order had been silent on the question of a new trial.   The only matter the circuit court for Milwaukee county considered and judicated upon was whether or not there should be a change of

venue. It was powerless to make any adjudication upon the question of a new trial for the legislature had acted upon that question. The right to a new trial followed as a matter of course upon a change of venue. The order, so far as the court had jurisdiction to act, was an order for a change of venue only, and that, as we have seen, is not appealable. It follows, therefore, that the appeal must be dismissed.

*By the Court.*—Appeal dismissed.