JACOBS ET AL., RESPONDENTS, *v.* BENSON, APPELLANT.

(No. 5,415.)

(Submitted February 19, 1924. Decided March 24, 1924.)

[224 Pac. 276.]

*Real Property—Use and Occupation—Damages—Rental Value*
*—Evidence—Insufficiency—Husband and Wife.*

1. In an action for the rental value of real property situated in
another state, brought against defendant, a resident of Montana, on the
theory that, having failed to provide for his family in his home state
they, without permission from plaintiff, had occupied the premises, ren-
dering defendant liable for the rental value, evidence, *held* insuffi-
cient to show that the wife had authority to take possession of the
premises or in fact occupied them.

*Appeal from District Court, Custer County; S. D. Mc-*
*Kinnon, Judge.*

ACTION by W. M. Jacobs and others against H. A. Benson.
Judgment for plaintiffs and defendant appeals. Reversed and
remanded.

*Messrs. Walker & Nelstead,* for Appellant, submitted a brief;
*Mr. Rudolph Nelstead* argued the cause orally.

In order to hold defendant liable for the occupation and use
of the premises by his wife and minor children, it was neces-
sary for the plaintiffs to prove that the occupation and use of
the plaintiffs' premises by the family of the defendant was a
family necessary, and that the defendant had neglected to
adequately provide his family with suitable necessaries; or
that the defendant had expressly authorized his family to
occupy plaintiffs' premises or had expressly agreed to pay for
the occupation and use thereof. And in view of the undisputed
fact that the defendant and his wife were not living together
between April 1, 1922, and October 1, 1922, the period of time
for which plaintiffs claim rental from the defendant for their
premises in Minnesota, the plaintiffs were obliged to prove that
the defendant's wife had not deserted and abandoned him and

that they were not living separate and apart pursuant to an agreement between them. (Sec. 5800, Rev. Codes; *Coulter Dry Goods Co.* v. *Munford*, 38 Cal. App. 231, 175 Pac. 900; *Wilson* v. *Thomas*, 127 N. Y. Supp. 474; *Olson Co.* v. *Young-quist*, 76 Minn. 26, 78 N. W. 870; *Belknap* v. *Stewart*, 38 Neb. 304, 41 Am. St. Rep. 729, 56 N. W. 881; *McCreery* v. *Martin*, 84 N. J. L. 626, Ann. Cas. 1915A, 1, 47 L. R. A. (n. s.) 279, 87 Atl. 433; *Mihalcoe* v. *Holub*, 130 Va. 425, 107 S. E. 704; *Zent* v. *Sullivan*, 47 Wash. 315, 15 Ann. Cas. 19, 13 L. R. A. (n. s.) 244, 91 Pac. 1088; *Richardson* v. *Stuesser*, 125 Wis. 66, 69 L. R. A. 829, 103 N. W. 261; 30 C. J. 595; 13 R. C. L. 1205, 1207, 1208.)

*Mr. Geo. W. Farr*, for Respondent, submitted a brief.

It is a well-settled principle that even though a husband and wife live apart by mutual consent, no condition or agreement being made that she support herself, she not having the means of support and no proper provision being made therefor by him, carries his credit with her for necessaries. (Note, L. R. A. 1917A, 2.) And it has been held that one who furnishes necessaries to a wife living apart from her husband with his consent not having been requested by the husband to do so, or even though he may have been notified by the husband that he would not be responsible therefor, that the husband will be liable for such necessities, such liability resting on his marital duty. (*Oltman* v. *Youst*, 62 Minn. 261, 64 N. W. 564.) The appellant has treated this case as an action brought by the plaintiff to recover the family necessities furnished the wife. In other words, he treated it as an action in *assumpsit* upon the theory of an implied contract. In our opinion it makes no difference upon what theory the case be considered, for, upon any theory, there is a presumptive agency in the wife to bind her husband for family necessities. (*Bergh* v. *Crosby*, 162 Ill. App. 536; *Feiner* v. *Boynton*, 73 N. J. L. 136, 62 Atl. 420.)

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiffs are the owners of a farm consisting of 228 acres of land in Pope county, Minnesota, which they acquired from defendant by deed in July, 1921. The cause was tried on the second cause of action, which describes the property and alleges ownership in the plaintiffs, and that defendant, on or about April 1, 1922, entered into possession of the premises without the knowledge or consent of the plaintiffs, and there remained until October 1, 1922; that the reasonable rental value thereof is $342, and that demand for the payment of that sum was made upon the defendant. A general demurrer to the complaint was overruled and defendant answered, denying all its averments except that plaintiffs became the owners of the premises. The cause was tried upon the issue framed by the pleadings. A verdict as prayed for was returned by the jury. Defendant appeals from the judgment.

Defendant seeks a reversal upon the ground that no legal, competent or sufficient evidence was adduced to prove that he was residing on the premises during the year 1922, or that he derived any benefit from their use or occupation or authorized any other person to use or occupy them in his behalf.

At the close of plaintiffs' evidence defendant moved for a nonsuit upon the ground that plaintiffs had not adduced legal evidence sufficient to prove that he (defendant) was in possession of the premises during the year 1922. The answer admits that plaintiffs became the owners of the lands by deed from defendant July 12, 1921, and that Claude Begg occupied the premises on a crop-sharing basis during that year.

The plaintiff Middleton's testimony was that authority had [1] not been given anyone to occupy or use the premises in question for the year 1922; that Benson's family, consisting of his wife and daughter, twelve or thirteen years of age, were residing thereon April 20, 1922; that he "was down to his farm" on that day; that Mrs. Benson and her daughter were living in the house upon the premises; that he did not rent the farm that year because of its occupancy by Mrs. Benson;

that he did not see Benson between April 20, 1922, and October 1 of that year; that of his own knowledge the members of the Benson family were residing there on April 20; and that defendant was not there at the time.

Claude Begg, who farmed the place in 1922 and left March 29, 1922, testified that he did not see it after he left until September 20, and as he went by on the road then he saw Mrs. Benson and her little daughter near the road coming toward the mail-box but did not speak to them; that he saw only a few head of sheep and cattle there, and did not see Mr. Benson on the place at all during 1922; that he would not say of his own knowledge that Mrs. Benson was living there all the time; that the only time he saw her there was when she went to the mail-box; and that she might have been visiting her son Joseph or someone living on the premises.

After the court had refused to grant a nonsuit, the defendant testified that he had never lived on the Middleton place; that his wife was not living on the Middleton place nor did he have any business of any kind there in 1922; that he did not have any sheep; that he did not derive any benefit of any kind from the place; that he was not farming in the summer of 1922 in Minnesota, but was living in Richland county, Montana, during all that time; that in the spring of 1922 he was living on the home farm in Minnesota with his wife and family, consisting of himself, his son Joseph, twenty-four years of age, Walter, another son twenty years old, and a daughter, twelve or thirteen years of age; that he never had lived on the Middleton farm, had lived with his family and had never been separated from them, and that he and his family were still living together; that when he left Minnesota and came to Montana, his wife and family were all on the home farm which he had rented to a Mr. Stout, who lived in one part of the house, and he with his family in the other; that he did not know his wife and family had left the home place, but learned from correspondence after he came to Montana that they were on the

Middleton place, although he had never authorized them to go and live there.

Defendant claims that there was no evidence to warrant the court in charging the jury that, if they found from the evidence that the defendant, through his wife and minor children, was in possession thereof at any time after April 1, 1922, they should find in favor of the plaintiffs and against the defendant for the reasonable rental value of the lands and premises for such time as the evidence proved that the defendant, through his wife and minor children, was in possession thereof. Counsel's argument is that this instruction was erroneous because there was no evidence that the claim for rent was based upon a family necessity, or that defendant had neglected to make adequate provision for his family; that he and his wife were not living apart by agreement; that there was no evidence that the farm was used for either pasturage or cultivation; and that the cause of action for the rental value of any dwelling was not alleged or proven.

The evidence is not sufficient to support the legal implication that the wife had authority to take possession of the premises growing out of defendant's obligation to support his family. (*Savage* v. *Davis,* 18 Wis. 608; *Eder* v. *Grifka,* 149 Wis. 606, 136 N. W. 154.) The statement of Middleton is that he "went out to the farm April 20, 1922, and saw Mrs. Benson and the children there," and, so far as he knew, they were residing there only on that day, and that of Begg is to the effect that as he "went by on the road he saw Mrs. Benson and her little daughter near the road coming toward the mailbox," and that was the only time he saw Mrs. Benson there. This does not support the inference drawn by the jury that the defendant was actually occupying the premises during the time covered by the complaint.

Plaintiffs having failed to make out their case, the judgment is reversed, with directions to grant a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.