TROSSEN and others, Respondents, v. BURCKHARDT, Executrix, and another, Appellants.

*January 5—February 2, 1960.*

For the appellants there was a brief by *Marth & Marth* of West Bend, and oral argument by *William J. Marth.*

For the respondents there was a brief and oral argument by *Robert W. Dean* of Wausau.

CURRIE, J. The question which confronts us on this appeal is whether an order which denies a motion for change of venue is an appealable order under sec. 274.33, Stats.

This court has determined on many occasions that an order denying a motion for change of venue is a nonappealable order. *Wisconsin Co-op. M. Pool v. Saylesville C. Mfg. Co.* (1935), 219 Wis. 350, 263 N. W. 197; *Brust v. First Nat. Bank* (1922), 176 Wis. 14, 186 N. W. 214; *Waukesha County Agr. Society v. Wisconsin Central R. Co.* (1903), 117 Wis. 539, 94 N. W. 289; *Latimer v. Julius Andrae & Sons Co.* (1898), 101 Wis. 311, 77 N. W. 1119; and *Evans v. Curtiss* (1897), 98 Wis. 97, 73 N. W. 432.

The appellants' brief acknowledges that this has been the law in this state until 1956, but urges that the 1956 amendment to sec. 274.33 (3), Stats., has now made such orders appealable. By such amendment an order which decides a question of jurisdiction is made appealable. It is appellants' position that an order denying a change of venue does decide a question of jurisdiction. Such argument is completely answered by the following quotation from the opinion in *Wisconsin Co-op. M. Pool v. Saylesville C. Mfg. Co., supra* (p. 352):

"It is the contention of the defendant, however, that, although the order is nonappealable, that the making of a motion for change of venue which the court should have allowed, and which the court erroneously refused to allow, ousted the court in which the motion is made of jurisdiction, and that, in making any subsequent determination, the court acts without jurisdiction. This contention cannot be sustained. The circuit court for Dane county, in which the action was begun, there being proper service of process, undoubtedly had jurisdiction of the parties and the subject matter of the action. Upon a proper showing it was its duty to change the place of trial in the manner provided by statute.

If it refused such an application, it committed an error. It did not lose its jurisdiction to proceed."

The appellants seek to support their argument by quoting the following synopsis of the holding in *Carpenter v. Shepardson* (1877), 43 Wis. 406, which appears in 30 W. S. A., p. 173, sec. 261.03, Stats.:

"If venue is changed by stipulation, jurisdiction of the person is transferred to the court where the case has been sent."

We consider the above quotation to be wholly a *non sequitur* with respect to the issue of whether an order denying a change of venue is one which decides a question of jurisdiction. The very act of making a motion for change of venue is inconsistent with the same raising a question of jurisdiction because it assumes that the court before which the motion is brought has jurisdiction of both the subject matter and of the person. If such court did not have jurisdiction of the subject matter, any order it might enter would be a nullity. The making of the motion confers jurisdiction over the person of the movant, if the court did not already possess such jurisdiction. Therefore, an order denying the motion does not decide a question of jurisdiction.

*By the Court.*—Appeal dismissed.