SCOGGIN vs. SLATER, Adm'r.

1. A contract for the sale of improvements on land, consisting of sundry houses, is not within the statute of frauds of this State.

ERROR to the Circuit Court of Choctaw.
Tried before the Hon. JOHN BRAGG.

ASSUMPSIT by the plaintiff in error against the defendant, as administrator of James W. Earle, deceased.

R. H. SMITH, for plaintiff in error.
No counsel appeared for defendant.

CHILTON, C. J.—This was assumpsit by the plaintiff in error against the defendant, as administrator of James W. Earle, deceased, to recover a sum of money agreed to be paid verbally for certain improvements on land which the plaintiff then had in his possession, and which, upon making the contract, he delivered to the defendant's intestate, who retained the same until his death, after which the defendant, as his administrator, took and still retains the possession. The bill of exceptions distinctly states, that the amount agreed to be paid was for the improvements, consisting of sundry houses, and not for the land. The circuit judge charged, that the action could not be sustained on such agreement, and the question presented for our revision is, whether the contract for the sale of the improvements is within the statute of frauds.

This is not a contract for the sale of lands, and in our opinion is not obnoxious to the statute requiring such contracts to be in writing.

Under our statute for the relief of tenants in possession holding adversely a given time against dormant titles, it frequently may happen that the tenant is entitled to pay for his improvements, and the statute points out the mode in which he can recover. Clay's Dig. 320 § 47. Now, if, instead of litigating the question, the parties agree on the value of the

improvements, and the tenant surrenders them to the owner of the land on his promise to pay a given sum, we see no reason why he may not be entitled to recover the sum thus agreed to be paid.

The New York statute is fully as broad as our own, and it has several times been decided that a promise to pay for improvements on land is not within the statute, and is valid without writing. Benedict v. Bebee, 11 Johns. Rep. 145; Frear v. Hardenburgh, 5 ib. 272, and the note to this last named case, p. 277.

The bill of exceptions distinctly states, that the consideration was for the sale of the improvements and not for any interest in the land, and that possession of such improvements was delivered to the purchaser. Here, then, was a valuable consideration, and whether we are correct in the supposition that the plaintiff was entitled to compensation for the improvements under the statute for relief against dormant titles, or whether they regarded these fixtures as personal chattels with the view of their ultimate severance from the freehold, as in the case of Foster v. Mabe, (4 Ala. 402,)makes no difference, since in either event the parol contract would be valid. The statute was intended to avoid only such parol contracts as attempted to pass an interest in the land itself, and not such collateral agreements as pass no interest in the land. 5 John. 276.

Let the judgment be reversed, and the cause remanded.