## ORLANDO LINDERSMITH

*vs.*

## JOHN SCHWISO, *et al.*

Plaintiff having duly made a claim and entry on a tract of land under the homestead act, and residing thereon thereunder, by deed dated July 27, 1867, sold and released to S. his heirs and assigns all his "homestead right and claim" to said land, "together with all structures, buildings, and improvements put thereon," by defendant, for the price of $250. *Held*, a good consideration for a promissory note given for said price; that the last clause must refer to some actually existent structure on the land, of itself to be taken to be a sufficient consideration in the absence of any proof that it was so affixed to the soil as to be a part of the freehold.

Lindersmith v. Schwiso et al.

That the first clause relinquished the defendant's present right of possession and residence in favor of S., so that, as between them, the defendant could not retain it, and also his right to the fee by a continuance of such residence as required by the act, and the right so to continue in possession, and that this also was a good consideration for said note.

That the transaction is not against public policy, as tending to place the land out of the reach of taxation for an indefinite period, nor void, as against the policy of the homestead act, or as a fraud upon it, nor is it prohibited by the act.

This action was brought in the district court for Steele county upon a promissory note for $250, dated July 27, 1867, payable to the order of the plaintiff, and signed by John Still-maker and John Schwiso, the defendants, the latter of whom alone defended the action.

The defendant in his amended answer, alleges, that at the date of the note, the plaintiff was residing, with his family, upon certain land, (describing it,) which he had entered, less than a year before, under the homestead act; that plaintiff had not then any title to the land, or any salable interest therein, and never, at any time, took the proper steps to perfect a title under the homestead act or otherwise; but that on the said 27th July, 1867, the plaintiff and his family abandoned the land, and never afterward resided upon it, thereby forfeiting and renouncing such land to the government of the United States.

That on said 27th July, 1867, the plaintiff pretended to sell to the defendant, Stillmaker, his said homestead claim or entry, by the following instrument under his hand and seal, and duly acknowledged: "In consideration of two hundred and fifty dollars to me paid, and secured by John Stillmaker, I hereby sell and release to said Stillmaker, his heirs and assigns, all my homestead right and claim to" (the land before mentioned,) " to-gether with all structures, buildings and improvements put thereon by me;" that the consideration stated in said instru-ment, was paid by the note in question in the present suit; that

the said assignment of plaintiff's homestead claim or entry, was the only consideration for the note, and that defendant, Schwiso, signed merely as surety for Stillmaker.

On plaintiff's motion, the answer was stricken out as not constituting a defence, and judgment was ordered for plaintiff. From the judgment entered upon such order, the defendant, Schwiso, appeals.

WEBB & HARWOOD, for Appellant.

WHEELOCK & COGGSWELL, for Respondent.

*By the Court.*—RIPLEY CH. J.—The first objection which the appellant makes to the validity of his note is, that Lindersmith had no transferable interest in the land, and therefore there is no consideration for the note.

The subject of respondent's sale is, however, two-fold, viz: his homestead right and claim to the land, and also the structures and building put thereon by him.

It appears from the answer, that respondent and his family were living on the land at the time. The words of the deed must, therefore, have applied to some such actually existent structure. If there were any such, not so affixed to the soil as to have become a part of the freehold, it would pass to Stillmaker and be a sufficient consideration for his note. The language does not of itself imply, nor is there any presumption, that respondent was residing in a building thus affixed to the soil. As the burden is on appellant to show a want of consideration, if such were the fact, it should have been so alleged.

Aside from this, however, we think the appellant is mistaken in supposing that respondent had nothing, as a claimant of the land under the homestead act, which he could sell. Though he could not alienate the land, his right of possession was perfect

Lindersmith v. Schwiso et al.

and could not be forfeited even by abandonment, if not continued for six months.

He could not transfer his inchoate and accruing right to a patent to Stillmaker, because that right could only be perfected by his personal continued occupation or cultivation; but he could give up, *release*, such right of possession to him, so, as that, between them, he could not be entitled to retain possession of the land any more than of the buildings.

If Stillmaker wished to obtain immediate possession, for the purpose, for instance, of filing on it under the pre-emption act, entering it under the homestead act, or entering it at private entry, such a release would be valuable to him.

Both parties must be supposed to know the law, and as the instrument does not purport to alienate the land, it is not to be presumed that they intended to violate the law; but if respondent had any right or claim to it under the act, which he could lawfully sell, that he meant to sell, and Stillmaker meant to buy. That it was respondent's right of possession, which was meant to be given up in Stillmaker's favor, is further to be gathered from the allegations, that on the same day on which these papers were executed, respondent and his family left the land, abandoned it, and renounced it to the United States. The appellant does not complain of him for so doing, and it is evident that if plaintiff wished to carry out in good faith an agreement to release his right and claim to the land, he should do these very things. The answer states that he *pretended* to sell his claim or entry; but the deed is alleged to contain the evidence of what he agreed to do, and no fraud or mistake is alleged, so that all that the allegation comes to, is, that the deed is a pretended sale of his claim, which is only the appellant's construction of it.

If the parties thought respondent could transfer his rights aforesaid, to the fee, to Stillmaker, so as to enable him to prove

up on respondent's residence and improvements, that is a mistake of law, for which there is no remedy.

We think, however, that this appears to be but the common case of a settler, for a valuable consideration, relinquishing his rights under the act. The remaining question is, as to whether he could lawfully do this—certainly he could release it gratuitously. If he changed his residence, or abandoned the land for six months, it would be gone. The land would belong to the United States, free of any claim of his. Why not be paid for it?

The appellant says it is against public policy, because, as the land is not taxable till the patent issues, one settler after another, may sell out in this way, and as each must cultivate or live on it five years *for himself*, the land may, in this way, be kept indefinitely from becoming liable to taxation.

Such a result seems rather imaginary than real, but in any case the immunity from taxation is not the result of the sale, but of the fact that the fee is in the United States.

Cultivation of, and residence upon land, is a public benefit. It will be a greater one when such land and improvements become liable to taxation, but if it be desired for purposes of taxation to prevent successive sales of this character, the act must be amended.

As the act now stands, where a homestead claim is abandoned, or forfeited by change of residence, a new claim may be made on it. To forbid such sales as these, however, would be, in our opinion, a remedy worse than the disease.

The appellant would scarcely suggest that the settler should be *forced* to stay and prove up against his will.

If not, and he cannot lawfully sell his right of possession and improvements, he must in that case lose the value of his labor; the land reverts, and is no more taxable than before, while another, Stillmaker it may be, or it may be the appellant, may

file on it, and enjoy the improvements, without even the trouble of giving a note for them.

Such sales are however said, in the next place, to be against the policy of the homestead law, as compelling the settler to pay exorbitant prices to a mere squatter for a benefit conferred by law; that one who has no title, steps in between the government and the settler, and extorts from him exhorbitant sums of money, or, if he cannot pay, deprives him of the benefit of the act.

This seems to us to be mere assumption, so far as this case is concerned.

An entry, with no intention of cultivating the land, but with the purpose of taking advantage of the law, in the way above described, would doubtless be illegal.

But how can the respondent be a mere squatter, without title, who has duly entered, improved, and resided on the land?

How does it appear that Stillmaker was an intending settler at all, a person who wished to take advantage of the act? If so, the public domain was open to him. If he wished to make a homestead of *this* land, how does it appear that the opportunity of doing so by getting respondent off it, was not worth the face of the note, to say nothing of the value of the buildings?

The appellant says that respondent's selling out in this way is a breach of his sworn engagement that the entry is for his own use, and for actual settlement and cultivation.

How, any more than an abandonment of it gratuitously? The law contemplates *that.* Is it any worse to release his right of possession, by deed, at appellant's request, for value received? There is no analogy between this case and that of a pre-emptor agreeing before entry to sell the land he has filed on.

A parallel case to that would be a deed from respondent to Stillmaker, purporting to convey the land, which no doubt

would be void. The instrument before us does not purport to convey the land, or any interest in it. It *releases* all respondent's claim to it under the homestead act. That claim was the present right of possession and residence, and to the fee by a continuance of such residence for four years longer; and the right to so continue in possession. He agreed with Stillmaker to relinquish these rights, and has done so. For all that appears, the land has reverted, and now belongs to the United States.

Nevertheless, though Stillmaker may have derived no benefit, if respondent relinquished those rights at his request, it is a good consideration for this note.

Judgment affirmed.