# Tarrance *v.* Hatfield.

### *Action on Promissory Note.*

1. *Promissory note; when consideration not illegal.*—Where a party, after having taken steps to secure public lands as a homestead under the acts of Congress commencing with section 2289 of the Revised Statutes, and after having made improvements thereon by erecting houses, etc., at

[Tarrance v. Hatfield.]

the end of two years, abandons all intention of securing the lands as a homestead, and executes, on the back of his preliminary certificate, a relinquishment of his claim to the Government, and sells the improvements he had erected thereon to another, delivering to him his certificate with the relinquishment endorsed thereon, and possession of the lands, such a transaction is not a sale of an imperfect pre-emption or homestead right,. and a note made by the purchaser for the purchase-money is not tainted with illegality.

2. *Same; when not within the statute of frauds.*—Nor does such a contract in any way offend the statute of frauds.

APPEAL from Cleburne Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This was an action on a promissory note brought by H. Hatfield against H. Tarrance and G. W. Alexander. The defenses relied on in the court below were, in substance, (1) that the note was founded on an illegal consideration, in that it was a sale of an imperfect pre-emption or homestead right, and, therefore, violative of the statutes of the United States; and (2) that the note was void under the statute of frauds. The trial resulted in a verdict and judgment for the plaintiff, and from the judgment the defendants appealed. The facts are sufficiently stated in the opinion.

AIKEN & MARTIN, for appellants, cited *Cothran v. McCoy*, 33 Ala. 65; *Pettit's Adm'r v. Pettit's Distributees*, 32 Ala. 288; *Lindsey v. Veasy*, 62 Ala. 421; Code of 1876, § 2121, Sub. 4.

ELLIS & MARTIN *contra*. (No brief came to the hands of the reporter.)

STONE, J.—The defense attempted in this case misapprehends the nature of the contract declared on. The consideration of the note was not an interest in land, nor was it a sale of a homestead or pre-emption right. Hatfield neither claimed, nor attempted to sell either. Pollard had taken steps to secure the lands as a homestead, under the acts of Congress, commencing with section 2289 of the Revised Statutes. He had made improvements by erecting houses, clearing lands, etc.; and at the end of two years, he abandoned all intention of securing the lands as a homestead, and executed a relinquishment of all claim to acquire title to said lands. This relinquishment was made to the United States, and was indorsed on the preliminary certificate of entry, which he had taken out under section 2290. He sold his improvements to Hussey, turned over the possession to him, and also delivered to him the primary certificate of entry, with the surrender to the Government indorsed thereon. Hussey held possession one year and then sold the improvements to Tarrance, delivered to him the possession, and also sur-

[Savery v. Moore.]

rendered to him the indorsed certificate of entry he had received from Pollard. He also sold Tarrance some other chattels, which, with the improvements, constitute the consideration of the note sued on. The expressed consideration of the note is "labor received."

The effect of this transaction was, to again expose the lands to entry as a homestead, for that is the effect of a surrender by the homestead occupant to the Government, if made before final proof of occupancy is perfected. But the evidence of that surrender was in the possession, first, of Hussey, and then of Tarrance, so that no one could, within the time allowed for perfecting the entry, have again entered the lands as a homestead. The *prima facie* impress of the transaction is, that both Hussey and Tarrance successively contemplated securing the lands by entry as a homestead, and Tarrance did so secure the three forties, the improvements on, and possession of which he obtained from Hussey. The actual sale, then, was of the improvements—the products of the labor which had been bestowed—and which, whoever became the owner of the freehold, would get the benefit of. That precise thing appellant bargained for, and he does not pretend he failed to obtain it. This contract in no way offended the statute of frauds, nor was it a sale of an imperfect pre-emption or homestead right.—*Scoggin v. Slater*, 22 Ala. 687; *Cassell v. Collins*, 23 Ala. 676. *Pettit v. Pettit*, 32 Ala. 288, and *Lindsey v. Veasy*, 62 Ala. 421, were actual sales of land before the title was perfected, were violations of the express provisions of the acts of Congress, and were, consequently, governed by principles entirely different. We think there was nothing illegal in the consideration shown in this case. All the rulings of the Circuit Court to which exceptions were taken, relate to the subjects discussed above, and the rulings were in accordance with our views.

Affirmed.