COLEMAN *et al.*, *Appellants*, v. ALLEN.

1.  **Pre-emption of Public Lands**: ASSIGNMENT OF THE RIGHT. A. settled upon land, but was refused permission to enter the same. His right of entry being judicially determined in his favor after his death, his heirs consummated the pre-emption right, entered the land, and a patent was issued to them in 1866, whereupon they conveyed to B.; but they had previously, in 1862, conveyed to C. *Held*, that the conveyance executed prior to the entry and patent was valid as against that made subsequent thereto.

2.  —— : ——. A pre-emption claim on lands not declared public, although contingent, is a fixed fact, awaiting such action of the government as will ripen the conditional into a positive right; and the pre-emptor, though he acquires no right against the government, is protected from intrusion by others, and his interest in the land is assignable.

3.  —— : ——. The act of Congress of September 4th, 1841, (U. S. Stat., 456, ? 12,) which declares all assignments of the rights thereby secured null and void, does not refer to the possession or the right of possession, to the title or to the land itself, but simply to the right to be preferred over all others as a purchaser from the government at an established price, and the limitation upon alienation in that act has no application to the rights secured to the heirs of a deceased settler under the act of March 3rd, 1843.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

---

*These syllabi are taken from 5 Mo. App. 127.

Beckmann v. Meyer.

*Britton A. Hill* and *T. J. Delaney* for appellants.

*S. T. Glover* and *E. B. Cowan* for respondents.

SHERWOOD, C. J.—We have examined this cause, and upon such examination, concur in the reasoning of the court of appeals. 5 Mo. App. 127. We, therefore, affirm the judgment of that court, which was in affirmance of that of the circuit court. All concur.