Dohr, Respondent, vs. Wolfgang, imp., Appellant.

*October 10—October 29, 1912.*

*Public lands: Homestead entry: Relinquishment: Improvements:*
  *Contracts: Validity: Public policy: Consideration: Statute of*
  *frauds: Sale of interest in land.*

1. A contract by which a homesteader agrees, in consideration of a
   certain sum to be paid to him, to relinquish his homestead entry
   to the United States and surrender possession of the land, so
   that another may enter and acquire title under the homestead
   laws and incidentally obtain the benefit of improvements which
   have been made, is not contrary to public policy and is valid.
2. The promise to pay, in such a case, is based upon a sufficient con-
   sideration moving from the homesteader, whether, after he has
   relinquished his entry, the promisor secures the homestead or
   not.
3. Such a contract is not one for the sale of land or of any interest
   therein, and is therefore not within the statute of frauds
   (sec. 2304, Stats. 1898).

Appeal from a judgment of the circuit court for Eau
Claire county: James Wickham, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted upon the brief
of *W. H. Frawley & T. F. Frawley.* They cited, among
other cases, 32 Cyc. 857, 1067; *Love v. Flahive,* 205 U. S.
195, 27 Sup. Ct. 486; *Duncan v. Hall,* 9 Ala. 128; *Welborne
v. Spears,* 32 Miss. 188; *Lipsky v. Bergmann,* 52 Wis. 256,
9 N. W. 158; *Kimball v. Adams,* 52 Wis. 554, 9 N. W. 170;
*Baringer v. Evenson,* 127 Wis. 36, 106 N. W. 801; *Pacific L.
S. Co. v. Gentry,* 38 Oreg. 275, 61 Pac. 423; *Sauerhering v.
Rueping,* 137 Wis. 407, 413, 119 N. W. 184.

For the respondent there was a brief by *Sturdevant & Farr,*
and oral argument by *L. M. Sturdevant.*

Barnes, J. The plaintiff sued to recover the sum of $300,
which he alleged the defendant owed him on an oral contract.
Plaintiff claimed that the defendant desired to have one of

his sons secure title to certain land which plaintiff entered as a homestead in July, 1902, under the homestead laws of the United States, and agreed to pay the plaintiff the above named sum if he would relinquish his right to such homestead so that defendant's son might make the necessary application to enter the land as a homestead; that plaintiff accepted such offer and did relinquish and surrender possession of the homestead and one of the defendant's sons attempted at least to enter the land as a homestead. The attempted entry by defendant's son was made immediately after the plaintiff filed his relinquishment at the land office. The defendant denied making the contract. The disputed issues of fact were all found in plaintiff's favor by the jury on sufficient evidence, and defendant appeals from a judgment entered on the verdict.

The appellant assigns four errors: (1) the alleged contract was void because contrary to public policy; (2) there was no sufficient consideration to support the contract; (3) the contract was void under the statute of frauds; and (4) the court should have submitted certain questions to the jury propounded by the defendant.

1. On the first point it is urged that a homesteader cannot sell his homestead before final proofs are made and a receiver's receipt is issued, and that in the event of a relinquishment the improvements belong to the United States, and that the contract was one that either contemplated the sale of an interest in the land or of the improvements made thereon and that it is against the policy of the law to sanction such an agreement.

While there was some loose talk between the parties about selling the homestead and selling the relinquishment, the evidence was ample to warrant the jury in finding that what the plaintiff agreed to do was to relinquish his homestead entry to the United States and surrender up the possession thereof and the improvements thereon. This would enable the defend-

ant's son to enter the land under the homestead laws and acquire title thereto on compliance with such laws, and give him the benefit of all improvements made on the homestead by the plaintiff. There was a valid consideration for such a contract, whether defendant or his son secured the homestead or not. Consideration may consist of a benefit to the promisor or an injury to the promisee. *Messenger v. Miller,* 2 Pin. 60; *Eycleshimer v. Van Antwerp,* 13 Wis. 546; *Hewett v. Currier,* 63 Wis. 386, 23 N. W. 884. By performing his part of the contract plaintiff surrendered up the possession of the homestead and the improvements he had placed thereon, as well as his inchoate right to eventually acquire title to the land by complying with the homestead laws.

Obviously the plaintiff did not attempt to sell or convey the homestead itself. He had a perfect right to relinquish his homestead entry. Act of Congress of May 14, 1880 (21 U. S. Stats. at Large, 140, ch. 89, 6 Fed. Ann. Stats. 300); *Love v. Flahive,* 205 U. S. 195, 202, 27 Sup. Ct. 486. Our attention has not been called to any case holding that such an agreement as the one under consideration is in contravention of public policy. There are a number of cases which hold such a sale to be valid and which also recognize the right of the homesteader to sell certain kinds of improvements. *Lindersmith v. Schwiso,* 17 Minn. 26; *Paxton C. Co. v. First Nat. Bank,* 21 Neb. 621, 33 N. W. 271; and *Tarrance v. Hatfield,* 71 Ala. 234. *Moore v. McIntosh,* 6 Kan. 39; *Hooker v. McIntosh,* 76 Miss. 693; and *Coleman v. Allen,* 5 Mo. App. 127 (affirmed 75 Mo. 332), so hold. Under these cases we hold the contract here made was valid.

2. It is further urged that there was no consideration for the promise to pay because the testimony showed that it was not made until June 28, 1909, whereas the relinquishment was filed in the land office on June 16th, so that plaintiff had nothing to give in return for the promise when it was made.

Plaintiff did testify that according to his recollection the

contract was made on June 28th, and so did Attorney Brad-
ford, who drew the relinquishment.   We think it is quite
obvious that the witnesses were mistaken as to the date on
which the transaction took place.   Plaintiff's evidence is to
the effect that they dickered about the price and finally
reached an agreement, and that thereupon he executed a re-
linquishment and went to the land office at Wausau to file it,
and that defendant's son accompanied him for the purpose of
making an entry as soon as the relinquishment was filed.
The jury found that plaintiff filed his relinquishment in re-
liance on the defendant's promise to pay the sum of $300, and
the evidence sustains the finding.

3. It is urged that the contract was void under sec. 2304,
Stats. (1898), which provides that every contract for the sale
of lands or of any interest therein shall be void unless the con-
tract or some note or memorandum thereof expressing the con-
sideration be in writing.   It is sufficient to say in answer to
this contention that the contract did not contemplate the sale
of any land or of any interest therein.

It is further said that the contract was void under subd. 2
of sec. 2307, Stats. (1898), because the promise was not in
writing and was one to answer for the debt, default, or mis-
carriage of another.   The jury found that the debt was that
of the defendant.   Such finding is supported by the evidence.

4. Complaint is made because of the failure of the court to
submit certain questions to the jury as requested by the de-
fendant.   The verdict as submitted sufficiently covered the
issues in the case.

*By the Court.*—Judgment affirmed.