KECK, Respondent, vs. MICHIGAN QUARTZ SILICA COMPANY,. Appellant.

*October 8—October 27, 1914.*

*Appeal: Review: Findings of fact: Milwaukee civil court: Contracts:·
Consideration.*

1. Findings of fact by the Milwaukee civil court, approved by the circuit court upon appeal, will not be disturbed in this court unless they are against the clear preponderance of the evidence.
2. Plaintiff, who had an office in which he conducted another business, became sales manager of the defendant corporation and for some months maintained the same office at his own expense and transacted the sales business of the defendant there-- in. Defendant's directors then adopted a resolution "that the sum of $100 per month be allowed" to plaintiff "for his office expenses, including rent." *Held*, that continued maintenance· of the office after the passage of that resolution was sufficient. consideration for the promise contained therein.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This action was brought in the civil court of Milwaukee county to recover $600 alleged to be due plaintiff under a resolution of the defendant corporation. It was tried without a jury in that court and findings made on which a judgment of $400 was entered, which judgment was affirmed on appeal to the circuit court. The facts were that the defendant, a foreign corporation, in May, 1909, employed the plaintiff as sales manager for its products in Milwaukee on a commission of fifteen per cent. of the sales made. Plaintiff had been up to that time in the dairy and feed business in Milwaukee, with an office in the Railway Exchange Building. After this employment began the plaintiff became a director in the defendant corporation and maintained the· same office at his own expense and transacted the sales business of the defendant therein. On November 18, 1909, a

special meeting of the directors of the defendant corporation was held at Milwaukee, at which seven directors, including the plaintiff, were present, and a resolution was adopted "that the sum of $100 per month be allowed *Mr. Keck* for his office expenses, including rent." At this meeting there was discussion about the renting of offices for the company's business in a new building then under construction, called the Engineering Building. A diagram of one of the floors in the building was placed before the directors by the plaintiff, and a suite of rooms which could be rented for $145 per month was particularly discussed and practically agreed on. The building was not to be completed until May 1, 1910, and on November 20th the plaintiff, acting for the defendant, made a written contract with the owners of the Engineering Building to rent the suite aforesaid, the term to commence May 1st. As the building was not then completed, the contract, or option, as it was called in the evidence, never was carried out. The defendant claims that the resolution above quoted meant simply that $100 was to be allowed for the rental and office expenses of the Milwaukee office when the same was opened in the new building, and that *Keck* was given authority thereby to rent said new office on behalf of the defendant company. Four directors gave testimony tending to support this contention. On the other hand, the plaintiff claims that the resolution was to go into effect at once, and was to reimburse him for the maintenance of the office which he then was in. This is the principal issue of fact in the case, and the trial court resolved it in plaintiff's favor. It further appears that the plaintiff, after the meeting of November 18, 1909, continued to conduct the business in his office in the Railway Exchange Building; that he wrote a letter to the president of the company January 12, 1910, in which he referred to the fact that under the action taken at the November meeting office expenses were to be allowed him, but that he would make no claim up to the 1st of Jan-

uary, "allowing everything back of that to stand until such time as the company is on a good footing." To this the president replied on the following day: "I note what you say as to expenses of office from January 1st, and the same is O. K." The court found that the plaintiff by this letter waived the payment of any sum under the resolution prior to January 1, 1910, and that there was due the plaintiff under the resolution $400 for the first four months of the year 1910, with interest from May 1st of that year.

For the appellant there was a brief by *McElroy & Ferguson,* and oral argument by *W. J. McElroy.*

*George A. Shaughnessy,* for the respondent.

WINSLOW, C. J. This judgment must be affirmed, because (1) it does not appear that the findings of fact of the civil court are against the clear preponderance of the evidence (*Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W. 879), and (2) the continued maintenance by the plaintiff of his office in the Railway Exchange Building after the passage of the resolution of November 18, 1909, was sufficient consideration for the promise contained in the resolution.

*By the Court.*—Judgment affirmed.