MECHANICAL APPLIANCE COMPANY, Appellant, vs. A. KIECK-
HEFER ELEVATOR COMPANY, Respondent.

*September 14—October 3, 1916.*

*Appeal: Review: Presumptions: Findings of fact: Milwaukee civil
court: Reversal of judgment: Effect.*

1. In reviewing on appeal the result of a trial, the presumption that
the original jurisdiction applied correct rules of law should
prevail unless the contrary clearly appears.
2. Findings of fact by a trial court are, in general, to be deemed
verities on appeal unless they satisfactorily appear to be con-
trary to the clear preponderance of the evidence.
3. In determining whether findings of fact are contrary to the clear
preponderance of the evidence, regard should be had to the su-
perior advantages which a trial court has for determining the
weight of evidence.
4. The rule as to necessity of a clear preponderance of the evidence
against findings of fact to warrant disturbing them, does not
apply if it satisfactorily appears that some error of law effi-
ciently influenced the result.
5. In considering, on appeal, whether the trial jurisdiction effi-
ciently erred as to any matter of law or fact, the result in such
jurisdiction should not be disturbed unless clearly wrong.
6. The foregoing rules are applicable to appeals to the circuit court
from the Milwaukee civil court.
7. An order of the circuit court unqualifiedly reversing a judgment
of the Milwaukee civil court and granting a new trial on all is-
sues necessarily vacates all the findings of the civil court.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The action was commenced in the civil court of Milwaukee
county. It was to recover on contract for the sale price of a
K7B 7½ HP. rotor sold defendant at $40.50, a K8A 5 HP.
rotor sold defendant at $54, and $23.29 for repairing a K9
rotor. The complaint was in the usual form.

The defendant answered that the claim for $23.29 was for
work and material to make the appliance referred to comply
with the warranty upon which it was sold to defendant; that

the claim of $40.50 was for a rotor delivered to defendant for the purpose of making an electric motor, sold by it to plaintiff, comply with the warranty thereof, and that the claim of $54 was for a rotor received by defendant which it did not in any way agree to pay for and for which it did not become indebted; and counterclaimed, in due form, for $794.98 for breaches of warranty.

Reply was duly made, putting in issue the allegations of the counterclaims and pleading a settlement in respect thereto.

The cause was tried by the court, resulting in findings of fact and conclusions of law to the effect that plaintiff was entitled to judgment as claimed. Judgment was entered in plaintiff's favor according to such findings and conclusions.

Appropriate exceptions were filed and the cause was duly carried by appeal, in defendant's behalf, to the circuit court.

The appellate court entered an order reversing the judgment and granting a new trial, specifying in an accompanying opinion, reasons therefor.

Plaintiff duly excepted to the order.

*Robert R. Freeman,* for the appellant.

For the respondent there was a brief by *Doe, Ballhorn & Doe,* attorneys, and *Harold M. Wilkie,* of counsel, and oral argument by *Mr. Wilkie* and *Mr. Joseph B. Doe.*

MARSHALL, J. Principles which are quite familiar rule this case. They have been so frequently stated and applied, it would seem a useless repetition to do it anew, if it were not for evidence, now and then, either that they are not always kept in mind in determining upon the advisability of an appeal, or the force which the court, in the interest of justice to litigants and the public, has been accustomed to give them, is not always appreciated. From the viewpoint suggested, we are constrained to make this restatement.

A court, in reviewing, on appeal, the result of a trial, should

presume that the original jurisdiction applied correct rules of
law, and that should prevail unless the contrary clearly ap-
pears.    This applies in case of an appeal to the circuit court
with the same force as an appeal to this court.

Findings of fact made by a trial court, are, in general, to
be deemed verities on appeal unless they satisfactorily appear
to be contrary to the clear preponderance of the evidence, and
that applies to trials in the civil court of Milwaukee county.
*Pabst B. Co. v. Milwaukee L. Co.* 156 Wis. 615, 146 N. W.
879; *Keck v. Michigan Q. S. Co.* 158 Wis. 500, 149 N. W.
208.

In determining whether findings of fact are contrary to the
clear preponderance of the evidence, regard should be had to
the superior advantages which a trial court has for determin-
ing the weight of evidence.

The rule as to necessity of a clear preponderance of the evi-
dence against findings of fact to warrant disturbing them,
does not apply if it satisfactorily appears that some error of
law efficiently influenced the result.

In considering, on appeal to this or any court, whether the
trial jurisdiction efficiently erred as to any matter of law or
fact, the result in such jurisdiction should not be disturbed
unless clearly wrong.    *Powell v. Ashland I. & S. Co.* 98 Wis.
35, 73 N. W. 573; *Adlington v. Viroqua,* 155 Wis. 472,
144 N. W. 1130; *Slam v. Lake Superior T. & T. R. Co.* 152
Wis. 426, 140 N. W. 30.

Counsel for appellant,—appreciating a clear preponderance
of the evidence against the findings of the civil court, in this
case, was essential to warrant the order complained of, but not,
perhaps, the degree of certainty required that the circuit court
did not apply that test and did not correctly determine the
matter,—contends that such test was not applied, and that, in
any event, the determination was erroneous.    It is suggested,
and not without some reason, that the material findings as to
the counterclaims were not set aside and that the new trial

was granted as matter within the sound discretion of the circuit judge and not as a matter of right, having regard to the principles above stated, applicable to the situation.

We must confess that the language used by the trial judge in stating reasons for the conclusion reached, is somewhat ambiguous, but, indulging in the presumptions in favor of the decision which must be applied thereto, and giving to the court's language the reasonable construction it will bear, against error, we come quite short of being able to conclude, either that the court, clearly, did not determine that the civil court's findings of fact were against the clear preponderance of the evidence, or that it did set them aside and on that ground. The order unqualifiedly reversed the judgment of the civil court and granted a new trial on all issues. The necessary effect of that was to vacate the findings. The language of the opinion, filed, fairly construed in the light of the entire situation, is in harmony therewith. It is not thought advisable to extend this opinion by embodying such language herein and pointing out the features which persuade us to the conclusion we have reached.

In solving the question of whether the circuit court erred in holding that the civil court's findings are contrary to the clear preponderance of the evidence, the reasons in that regard which have been urged upon our attention by counsel for appellant have been considered. Following the practice of not, other than in exceptional cases, quoting and discussing the evidence as to such a question, where a conclusion has been reached that the judgment must be affirmed, that course will be taken here. No efficient reason seems to exist for reversing the circuit court's decision.

*By the Court.*—The order is affirmed.

ESCHWEILER, J., took no part.