TAYLER and others, Executors, Appellants, vs. CONNORS, Respondent.

*February 7—March 6, 1923.*

*Partnership: Holding out to creditor or public how business was carried on: Evidence: Competency: Error not affecting result: Alleged error in instruction relating to question not answered.*

1. In an action to recover the purchase price of milk sold to' a dairy, where the claim was not only that defendant held himself out to the seller as a partner in the dairy but that he held himself out to the public as having such interest, it was competent, by way of rebuttal, to introduce evidence to show just how the business was conducted and what representations were ·made, either orally or by other means; and hence a butter wrapper upon which the name of another than defendant was printed as the owner of the dairy was admissible in evidence.

2. It appearing that the ostensible proprietor of the dairy had been adjudged a bankrupt, it was error to permit defendant to testify that no other creditor of the dairy had made any claim against him for the money due it.

3. Before an error in the admission of evidence can be held prejudicial it must appear that but for its reception a different result would probably have been reached by the jury.

4. Incompetent evidence that other creditors had made no claim upon the alleged proprietors of the dairy was harmless error, where such erroneous evidence, if excluded, would probably not have changed the result; and in this case this court cannot say that such result was clearly wrong.

5. Errors in an instruction relating to one question of the special verdict which was not answered by the jury owing to previous findings made by them is harmless.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

Action to recover the purchase price of milk sold the Clover Leaf Dairy. It was claimed the defendant was either a partner in the Clover Leaf Dairy business or else held himself out as such or as a principal so as to estop him from disclaiming liability. That he was not in fact a partner was admitted before the close of the trial, and the court by consent of both parties so found. The issues passed upon by the jury in a special verdict were as follows: (1) the defendant did not hold himself out to the plaintiff as a co-partner with W. H. Phillips in the Clover Leaf Dairy Company; (2) the defendant did not represent to the plaintiff that he was interested with W. H. Phillips in the Clover Leaf Dairy Company and that he would be responsible to the plaintiff for the milk furnished to it; and (3) the value of the milk sold was $2,933.15. Upon such verdict the court entered a judgment in favor of defendant, and the plaintiff appealed.

For the appellants there was a brief by *Kittell, Jaseph & Young* of Green Bay, and oral argument by *Lynn D. Jaseph.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *Joseph Martin* and *G. F. Clifford,* all of Green Bay.

VINJE, C. J.  We are asked to disregard the answers of the jury because not supported by the evidence. This we cannot do. From the nature of the issues the evidence took a wide range. It is claimed there was a holding out by the

use of the stationery and checks of the Clover Leaf Dairy on which the name of W. H. Phillips appeared as "Mgr." or "Manager;" also on some trucks used in the business as well as on paper stoppers for milk, and remittance slips sent *Larsen*. The stationery bore the words "Clover Leaf Dairy, M. C. Connors, Proprietor, W. H. Phillips, Manager," and on some checks bearing the words "Clover Leaf Dairy, W. H. Phillips, Proprietor," the word "Proprietor" was crossed out and the word "Mgr." written in ink.

To rebut such and other evidence of holding out the defendant introduced a number of exhibits, among others a butter wrapper reading "Clover Leaf Dairy, W. H. Phillips, Proprietor," and some other exhibits of the same nature. It is claimed that the introduction of the butter wrapper was error because there was no evidence that *Larsen* had ever seen it. The claim was not only that defendant held himself out to *Larsen* as having an interest in the Clover Leaf Dairy, but that he held himself out to the public as having such interest. It was therefore competent by way of rebuttal to show just how the business was conducted and what representations were made either orally or by other means, and the court properly received the butter wrapper in evidence.

It appears that Mr. Phillips was adjudged a bankrupt and that claims were filed in the bankruptcy proceedings after he ceased operating the dairy. *Mr. Connors* was permitted to testify over proper objection that no other creditor of the dairy had made any claim against him for money due it. This was error. It did not tend to throw any light upon how the dairy business was carried on, but related to what was done by its creditors after it ceased operating. Besides, there was a claim that defendant had orally held himself out to *Larsen* as interested in the dairy business, so that plaintiff's evidence tended to show that he stood in a different relation to the defendant than did other creditors. In order to find as it did the jury must have believed the defendant,

who denied plaintiff's evidence as to an oral holding out. The evidence received, however, tended to rebut the proof that defendant held himself out to the public generally ·as being interested in the dairy business and plaintiff relied upon that proof for recovery as well as upon the proof of a special holding out to him.    Defendant relies upon the case of *Fletcher v. Pullen,* 70 Md. 205, 16 Atl. 887, 14 Am. St. Rep. 355, to sustain the claim that the evidence was properly admitted.    In that case an alleged partner was permitted to show that he had formerly been sued as a partner and had successfully defended the suit, and the evidence was received on the ground that the trial of the former suit had been largely attended and its result advertised in the community, from which fact the jury might properly draw the inference that the plaintiff must or should have known that they were not partners at the time credit was extended.    We have no such case here.    As before stated, the introduced proof related to conduct of other creditors after the indebtedness was incurred.    That the proof as rebuttal was not trivial must be admitted.    But before it can be held to be prejudicial it must appear to us that but for its reception a different result would probably have been reached by the jury.    *Bell v. Milwaukee E. R. & L. Co.* 169 Wis. 408 (172 N. W. 791) and cases cited on p. 416; *Braun v. M., St. P. & S. S. M. R. Co.* 170 Wis. 10, 172 N. W. 243; *Lange v. Heckel,* 171 Wis. 59, 175 N. W. 788.

It was established upon the trial that the defendant owned the "Clover Leaf Dairy Farm" and that Phillips leased the farm and ran the "Clover Leaf Dairy," hence the consent by both parties that the court could find defendant was not a partner in fact.    Recovery, therefore, had to be based upon defendant's holding himself out as being interested in the business, and the jury were so clearly instructed.    They. negatived the fact that he so held himself out, and we are led to the conclusion that they followed the instructions of the

court and based their findings upon the evidence as to such holding out during the time the dairy was run and did not base it upon the conduct of other creditors after it had ceased operating.   We are led to believe from the whole record that had the erroneous evidence been excluded the jury would probably have reached the same result.·   Hence we hold the error in admitting it was not prejudicial.   We are led to this view partly because we cannot say that the result reached in the trial court was clearly wrong.   Unless we can so say we should not reverse.   *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65 (159 N. W. 557) and cases cited on page 67.

Error is alleged as to an instruction relating to the fifth question of the special verdict. ˙The jury did not answer the question, and, owing to previous findings made by them, were not required to answer it.   Under such a state of fact the error, if one existed, became harmless.

*By the Court.*—Judgment affirmed.