STEPHAN, Appellant, vs. ABE, Respondent.

*October 15—November 11, 1924.*

*Automobiles: Injury to pedestrian: Contributory negligence: Burden of proof: Trial: Discussion by judge at end of case: Findings.*

1. The informal discussion of a case by the trial judge at the conclusion of the trial is *held* to be a mere statement of his reasons for not taking the case under advisement, and not a decision, in view of his findings of fact and conclusions of law subsequently filed.    p. 80.

2. The burden of showing alleged contributory negligence is on the defendant, whether or not he pleads it; and unless he meets such burden with a preponderance of the evidence the trial court must find for plaintiff on that issue.  p. 81.

3. In an action for injuries sustained by a pedestrian when, after leaving a north-bound street car, she proceeded westerly across the street and was struck by the defendant's automobile, which suddenly swung into sight in front of an oncoming south-bound car, defendant is *held* not to have met the burden of showing plaintiff's contributory negligence.  p. 82.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge.  *Reversed.*

This is an appeal from an order of the circuit court for Milwaukee county reversing the judgment for plaintiff upon appeal from the civil court of said county and ordering a new trial.

For the appellant the cause was submitted on the brief of *J. Elmer Lehr* of Milwaukee.

For the respondent there was a brief by *Schoetz, Williams & Gandrey,* attorneys, and *Arthur G. Bury,* of counsel, all of Milwaukee, and oral argument by *Alfred R. Gandrey.*

CROWNHART, J.  This case was tried in the civil court without a jury.  The judge made his findings of fact and conclusions of law, holding that the defendant was guilty of negligence proximately causing the accident, and that the plaintiff was free from contributory negligence.  Judgment was entered thereon for the plaintiff.  Upon appeal to the circuit court the judgment was reversed and a new trial granted.  This is an appeal from the order of the circuit court granting a new trial.

At the conclusion of the trial the civil judge discoursed on the situation somewhat at length.  In the course of his remarks he said:

"I don't know whether to take this case under advisement or whether to decide it immediately.  I suppose it won't make any difference.  I suppose I am as well able to decide it now as I will be any time. . . . There is a good jury question in this case perhaps. . . ."

And then, after a discussion of the merits, he said:

"Well, I am going to resolve the doubt in favor of the plaintiff, especially in view of the fact of the motion based on the answer which did not set up a defense. I am going to find for the plaintiff and assess the damages at $160. The defendant has not pleaded contributory negligence as a defense in the answer, and of course the burden of proof is upon the defendant as to the defense of contributory negligence."

The respondent in the circuit court contended that these remarks of the civil judge constituted a decision of the cause within the decision in *Wallis v. First Nat. Bank*, 155 Wis. 533, 145 N. W. 195, and that such decision of the trial court in exonerating Frances Stephan from contributory negligence did so by the application to the evidence of wrong rules of law which did or probably may have efficiently influenced the result, under the decision in *Mechanical A. Co. v. A. Kieckhefer E. Co.* 164 Wis. 65, 159 N. W. 557. In the case just cited this court said:

"A court, in reviewing, on appeal, the result of a trial, should presume that the original jurisdiction applied correct rules of law, and that should prevail unless the contrary clearly appears. This applies in case of an appeal to the circuit court with the same force as an appeal to this court."

And further:

"In considering, on appeal to this or any court, whether the trial jurisdiction efficiently erred as to any matter of law or fact, the result in such jurisdiction should not be disturbed unless clearly wrong." Citing cases.

Applying the principles thus laid down, this court comes to the conclusion that the civil judge, in summing up the case, did not intend his remarks as a substitution of his findings of fact and conclusions of law, but he was stating in a somewhat loose and general way his reasons for not taking the case under advisement, and that he would make his decision at once. This he did in writing, dated the same

day, covering the issues fully in his findings of fact and conclusions of law.

But assuming that his informal discussion of the subject constituted a judgment, it does not by any means follow that the judgment of the civil court should have been reversed. It does not appear that he was clearly wrong. He said:

"I am going to resolve the doubt in favor of the plaintiff. . . . The defendant has not pleaded contributory negligence as a defense in the answer, and of course the burden of proof is upon the defendant as to the defense of contributory negligence."

It is true that it is not necessary to plead contributory negligence as a defense. *Harper v. Holcomb,* 146 Wis. 183, 130 N. W. 1128. But it is likewise true that the burden of proof to show contributory negligence is upon the defendant. Unless the defendant met this burden with a preponderance of the weight of the evidence, it was the duty of the court to find for the plaintiff on that issue. Evidently that was the meaning of the court's remarks.

The respondent makes the further contention that the appellant's daughter, the injured party, was guilty of contributory negligence as a matter of law, and this leads us to a discussion of the evidence. The daughter was nineteen years of age and was riding on a train of two street cars going north on Twelfth street in the city of Milwaukee. The cars stopped before entering the intersection of Twelfth and Harmon streets, the daughter got off from the middle of the cars, moved south a short distance as the cars continued on north, passed over the track on which the street cars were running, and proceeded westerly across the street. As she passed the north-bound car on which she had been riding, she looked to the north and discovered a south-bound car on the westerly track at a distance of about 100 feet, and considering that she had time to cross ahead of the street car she continued on her way. As she got on to the westerly

track she suddenly noticed respondent, going at a rapid rate of speed of twenty to twenty-five miles an hour, swing in in front of the oncoming street car, and before she had time to escape she was run down and injured. This is the testimony of the injured woman. It is well substantiated by the evidence produced by the defendant. The defendant himself testified that the speed of his car was from twenty-two to twenty-five miles an hour. He testified that when the street car stopped at Harmon street he had to stop his car, but when the street car started up he started his car, ran alongside the street car and speeded up his car to get ahead of the street car, but that he did not notice the young lady until he was very close to her, and that she ran into his car in an endeavor to escape the street car. However, the defendant produced the motorman of the street car as his witness, who testified that the defendant passed in front of the street car and onto the street-car tracks, and that he had to slow up his street car to allow defendant to get further ahead. It is admitted that the defendant did not blow his horn, and it is also admitted that under an ordinance of the city of Milwaukee he was required to keep as near the curb as possible. This the defendant failed to do. It was manifest from the evidence that when the injured party looked north and saw the street car coming, the automobile was hidden from her sight, and that it continued to be hidden from her sight until just before the accident, when it suddenly swung in in front of the street car and proceeded south on the tracks. It is difficult to see how the injured woman was guilty of any negligence, and certainly the defendant did not meet the burden of proof in establishing such negligence. That being the case, the circuit court should have affirmed the judgment of the civil court.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with directions to affirm the judgment of the civil court.