## SMITH v. SERVICE CAB CO. et al.
### No. 4831.

Court of Appeal of Louisiana.
Second Circuit.

June 29, 1934.

Hugh M. Wilkinson, A. Miles Coe, and F. W. Oser, all of New Orleans, for appellants.

C. B. Prothro, of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued for $2,525, alleging that he was a paid passenger in one of defendant's taxicabs, and that about 3 a. m., March 29, 1933, while on the way to his home in said taxi, the driver thereof carelessly and negligently drove said taxicab into a telephone pole, and he received the injuries which he claims damaged him in the amount sued for.

Defendants denied each and every allegation of plaintiff's petition and, in the alternative, pleaded contributory negligence on part of plaintiff.

The lower court rendered judgment for plaintiff in the sum of $525, and defendants have appealed.

The facts are as follows:

Plaintiff was a taxicab driver for a different cab company, and when he finished his work about 2 or 3 o'clock in the morning he engaged a cab from the defendant to carry him to his home on Darien street. The taxi driver whom he engaged to carry him home was named Harrison. Before starting, plain-

tiff, who had one-half gallon of whisky, gave Harrison several drinks, at the Melba Café. They then went to the taxicab station or headquarters and there picked up a woman by the name of Mrs. Cain. She got on the front seat with the driver, and when plaintiff was ready to get in the cab he also got on the front seat, over the protest of the driver and Mrs. Cain. An argument ensued over this act of plaintiff, and he and the driver continued to argue, fuss, and threaten to fight. The cab proceeded out Texas avenue until it reached Fetzer avenue, where it turned into Fetzer avenue and proceeded about 100 yards when the cab ran into a telephone pole, and plaintiff received the injuries of which he complains.

The time of the accident varies, according to the testimony of the three occupants of the cab, from 3 o'clock a. m. to 4:30 or 5 o'clock a. m. We are convinced that they do not know when it happened. Two days after the accident the driver and plaintiff gave the following statement:

"Shreveport, La., March 31st., 1933.
"My name is C. N. Harrison, I reside at #1915 Highland Ave., Shreveport, La. I am 32 years of age.

"On March 29th, 1933 at about 2:00 A. M. I picked up Ralph Smith, employed by the Bell Cab Co., to take him home from #200 Edwards St., Shreveport, La. to 3014 Darien St. On the way out I went by the parking lot in the 600 block of Louisiana Ave., to find if there were other calls from Queensboro section. I got out of the car to make the inquiry and when I returned to the car, a lady was in the car and the boy on the board, I do not know his name, asked me to carry the lady home and I presumed she lived in Queensboro. I found that the lady had been drinking. I drove out Texas Ave., and turned off onto Fetzer Ave., the lady was on the front seat between Smith and myself, and when about 100 yards from the intersection of Texas St., the lady took hold of the steering wheel and turned the car toward the railroad tracks, which are some 20 or 25 feet below the level of the street. I caught the wheel and tried to turn back onto the street and in doing so, I struck a telephone post wrecking the car.

"I then got out of the car and opened the right door and assisted Smith and the woman out of the car. About the time we reached the center of the street, Smith fainted and was bleeding a lot. I did not know what became of the lady. A coupe came along about that time and I flagged it and they took Smith and myself to the Charity Hospital where Smith was treated and I was taken to my home.

"At the time the accident occurred I was driving about 30 miles per hour. At the time I did not know the lady's name, however, I heard later that one of the other drivers picked the lady up and took her to the Schumpert Sanitarium. I went to the sanitarium about 9:00 A. M. to see the lady. She was still intoxicated. I noticed in the local news paper that it gave her name as a Mrs. Cain. I have heard that she has tried to commit suicide once before this occurrence.
"[Signed] Cecil N. Harrison."

"Shreveport, La., March 31st, 1933.
"My name is Ralph Smith, I reside at #3014 Darien St., Shreveport, La. I am employed as a driver by the Bell Cab Co.

"I have heard, read the statement made by C. N. Harrison and the same is true and correct so far as I remember. I do not know what happened after I was assisted from the wrecked car.

"In the accident my head was bruised and cut and my left hip is bruised.
"[Signed] Ralph Smith."

On the trial of the case Harrison testified to the same state of facts. Plaintiff admitted all of the statement was true, except what was said about Mrs. Cain grabbing the steering wheel, and said he didn't know what happened, as he was lying back against the seat almost asleep. Plaintiff accused Harrison of approaching him in regard to money for testifying in his favor, and Harrison said plaintiff offered him half he recovered to testify in his behalf.

It is very apparent that plaintiff furnished the whisky and made Harrison at least tipsy, if not drunk. Plaintiff was full, and the woman was likewise drunk, and had been hanging around the taxicab company's office most of the night. It was a perfect set-up for an accident.

The most plausible theory, which is borne out by the signed statement of plaintiff and the driver, is that the woman grabbed the wheel. However, whether that be true or not, plaintiff cannot recover. If the accident was not caused in that manner, it was caused by plaintiff feeding whisky to the driver and distracting his attention from his duty by the threats and abuse he was heaping upon him.

A common or public carrier owes a duty to a passenger to deliver him safely to his destination; but when the acts of the passen-

776

ger prevent this being done, or contribute to an accident and his contributory negligence is a proximate cause of the accident, he is barred from recovery.

. The judgment appealed from is therefore reversed, and plaintiff's demands rejected at his cost.