ARNESON, Respondent, vs. BUGGS and another, Appellants.
YUENGST, Respondent, vs. SAME, Appellants.
GENSLER, Respondent, vs. SAME, Appellants.

*May 8—June 6, 1939.*

For the appellants there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Paul N. Grubb*.

*Raymond C. Fett* of Janesville, for the respondents.

FOWLER, J. The three plaintiffs hired a taxicab owned by the defendant Buggs in the city of Janesville to take them on a joy ride. All had drunk intoxicating liquor before starting on the trip. They visited at least four taverns, at each of which they spent some time and drank more intoxicating liquor. The driver by their invitation drank intoxicating liquor with them at each tavern. On the return to the city, while the driver was attempting on·a slushy, slippery concrete road to pass an automobile going in the same direction, the taxi went off the road, tipped over, and injured each of the plaintiffs. The complaints which are identical in this respect alleged causal negligence of the taxi driver in four particulars: As to, (1) speed; (2) lookout; (3) management and control; and (4) driving an automobile while intoxicated. The answers denied all these allega-

tions of negligence. The cases were tried together to a jury. The plaintiffs requested submission to the jury by special verdict of questions covering all these issues of negligence. At the close of the plaintiffs' testimony the defendants moved for leave to amend their answers by striking therefrom their denials of negligence in the four respects above stated, and admitted on the record the allegations of the complaint as to the driver's negligence in all four respects. At the close of the testimony the defendants moved for a directed verdict "upon the undisputed testimony and the pleadings as amended and admissions now appearing upon the record." The judge stated that the motion for a directed verdict was "at this time" denied, and that he would take a verdict as to damages and hear arguments on motions for judgment on the verdict. The parties seem not to agree upon just what occurred at this point, but we must take the record as set out in the bill of exceptions which recites: "Leave was accordingly granted so to amend the answers, and the defendants thereupon admitted upon the record that the defendant Danks [the driver] was negligent in the respects alleged in the complaint in respect to speed, control, lookout, and driving while under the influence of intoxicating liquor, and that in each of these respects the injuries of the plaintiffs proximately followed, such admission being limited to the facts as to conduct and not constituting admissions of legal consequence." The jury assessed the damages of each plaintiff.

Upon motions after verdict the court granted judgment to each plaintiff in the amount found by the jury. In connection with so doing the court filed findings which recite:

"That at the time and place of the accident Danks, driver of the defendant Buggs' taxicab, in which the three plaintiffs were then riding as paid passengers, failed to exercise that degree of ordinary care required of him by law, in that he was operating his vehicle at a high and excessive rate of speed under the circumstances then and there existing; that he failed to keep a proper lookout; that he failed to keep

his vehicle under proper management and control; and that he was under the influence of intoxicating liquors; and that his failure to exercise the degree of care required of him by law in each of said respects, was a cause of the injuries to the plaintiffs, and which injuries ought reasonably to have been foreseen by said driver."

The defendants base their claim that a directed verdict should have been directed upon the proposition that the plaintiffs, in starting on the return trip with a drunken taxi driver, assumed the risk of injury through his conduct resulting from his intoxication. Were this the only act of the plaintiffs involved in the case this would be an interesting and perhaps a controlling point necessary to decide. But the plaintiffs not only voluntarily got into the car with an intoxicated driver (according to the allegations of the complaint, the admissions of the defendants, and the findings of the circuit judge) whose intoxication was a proximate cause of their injuries, but they by their own acts furnished and invited him to partake of the liquor which produced his intoxication. This was an act that might properly be found to be contributory negligence of the plaintiffs. It has been so held in the only cases cited to us involving an intoxicated taxi driver and his passenger in which the passenger supplied the liquor that produced the intoxication. *Rau v. Smuda,* 175 Minn. 328, 221 N. W. 232; *Archer v. Bourne,* 222 Ky. 268, 300 S. W. 604; *Smith v. Service Cab Co.* (La. App.) 155 So. 774; *Wayson v. Rainier Taxi Co.* 136 Wash. 274, 239 Pac. 559. If the plaintiffs were guilty of contributory negligence the comparative negligence statute, sec. 331.045, required submission of the comparative negligence of the plaintiffs and the driver to the jury.

Plaintiffs' counsel contend that as no request was made for submission to the jury of any question relating to the plaintiffs' negligence in getting the driver intoxicated, and the court having rendered judgment in favor of the plaintiffs, the facts respecting their negligence must be taken

under sec. 270.28, Stats., as determined by the court in their favor, such finding being essential to support the judgment. But we cannot assume the judge so determined in view of his express finding to the contrary.

The plaintiffs also contend that as contributory negligence was not put in issue by the defendants' answer they cannot rely on it as a defense. But it was long ago held by this court that the defense of contributory negligence is open to the defendant without his pleading it in his answer. See *Harper v. Holcomb,* 146 Wis. 183, 185, 130 N. W. 1128, and cases therein cited; also *Stephan v. Abe,* 185 Wis. 78, 200 N. W. 682.

The plaintiffs also claim that notwithstanding their allegations as to the taxi driver's intoxication and its being a proximate cause of the plaintiffs' injuries, and the defendants' withdrawal of their denials and admission of their truth, the intoxication of the driver is still a question for the jury's determination in view of the driver's testimony on his adverse examination introduced in evidence to the effect that he was not intoxicated. If in fact the plaintiffs wished to contend, as they seem now to contend, that the driver was not intoxicated they should have withdrawn the allegations of their complaints in that respect and put it up to the defendants to prove causative intoxication if they claimed it as a defense.

*By the Court.*—The judgments of the circuit court are reversed, and the records are remanded with directions to set aside the judgments and order new trials.