WENDT and another, Respondents, vs. STARKWEATHER, Appellant.

*December 5, 1940—January 7, 1941.*

For the appellant there was a brief by *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck.*

For the respondents there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *E. W. Hooker.*

FRITZ, J.   The principal ground relied upon by the defendant, in contending that the facts alleged in the complaint fail to state a cause of action for the breach by him of a contract to purchase certain bonds from the plaintiffs, is that it does not appear from the allegations that there was any agreement between the parties as to the amount defendant was to pay for the bonds.   The allegations which are material in respect to that contention are that on December 2, 1929, plaintiffs had purchased from defendant two bonds of $500 each, which had been issued by the Lannon Quarries Corporation, of which the defendant is the principal stockholder, president, director, active manager and operator, and which were to become due on January 1, 1940; that the defendant on November 22, 1934,—

"in writing agreed to purchase said bonds from said plaintiffs after the first day of January, 1940, a copy of which written agreement is hereto attached, marked 'Exhibit A,' and hereby made a part hereof; that said defendant agreed to pay to said plaintiffs the sum of par and all accrued, unpaid interest due thereon; and that relying upon said agreement made by the defendant and in consideration thereof, said plaintiffs did thereupon enter into an agreement to extend the maturity of their said bonds to the 1st day of January, 1945, and to reduce the interest rate to five per cent per annum."

"Exhibit A," attached to the complaint, is a letter addressed to plaintiffs and signed by defendant, which reads as follows:

"With the understanding that business conditions are such that I am still operating the Lannon Quarries January 1, 1940, and providing by that time bonds No. 73 and 74 have not been called for redemption by that time, I will personally take the bonds. The above is written in consideration of your signing a certain agreement extending the due date to 1945 together with reduction of interest to 5%."

Defendant claims that because no definite amount is stated in that letter as the price which the defendant is to pay the plaintiffs for the bonds, his agreement to purchase them does not constitute an enforceable contract in view of the general rule that—

"Price is an essential ingredient of every contract for the transfer of property or rights therein or for the rendering of services."

And that—

"In order that an executory agreement may be valid, it is generally necessary that the price must be certain or capable of being ascertained from the agreement itself." 12 Am. Jur. p. 561, § 70; Restatement, Contracts, p. 40, § 32.

These rules are elementary. However, it is likewise elementary that, in passing upon a demurrer to a complaint, all allegations must be liberally construed in favor of the pleader, and full force and effect must be given to all facts alleged. Consequently, there cannot be disregarded, and on the contrary due effect must be given to plaintiffs' allegation that the defendant agreed to pay to them for the bonds the sum of par and all accrued unpaid interest. If the facts thus alleged are established on the trial by competent proof, then the amount to be paid by defendant was reasonably certain and capable of being ascertained from the agreement made between the parties; and such proof establishing that the price agreed upon was "the sum of par and all accrued unpaid interest" on the bonds, would not be contrary to or at variance with any statement in the letter, of which a copy is attached to the

complaint. Whether such proof will be available and can be introduced by plaintiffs on the trial to establish the facts in question are matters which are not involved at this time in passing upon the demurrer. It suffices that, in so far as the price to be paid is involved, the facts as presently alleged in the complaint and admitted by the demurrer are sufficient to constitute a cause of action.

Defendant also contends that his letter of November 22, 1934, does not constitute a contract because of lack of consideration and that therefore the facts alleged fail to state any cause of action. This contention cannot be sustained. The statement in the letter that, "The above is written in consideration of your signing a certain agreement extending the due date to 1945 together with reduction of interest to 5%," discloses the consideration for his promise to take the bonds. That consideration existed not only by reason of the benefit to be derived therefrom indirectly by the defendant as the principal stockholder, president, active manager and operator of the Lannon Quarries Corporation, but also by reason of the substantial detriment to and forbearance on the part of plaintiffs in so far as they had to agree to extend the maturity of the bonds and reduce the rate of interest. That detriment constituted sufficient consideration to render defendant's promise to purchase the bonds from plaintiffs an enforceable contractual obligation. *Drovers' Deposit Nat. Bank v. Tichenor*, 156 Wis. 251, 145 N. W. 777; *Keck v. Michigan Quartz Silica Co.* 158 Wis. 500, 149 N. W. 208; *Dohr v. Wolfgang*, 151 Wis. 95, 97, 138 N. W. 75; Restatement, Contracts, p. 80, § 75. Consequently, plaintiffs' allegations that such an agreement to extend the maturity of the bonds and reduce the rate of interest was entered into in consideration of defendant's agreement to purchase the bonds are sufficient to show the existence of the consideration required to constitute a valid and enforceable contract.

*By the Court.*—Order affirmed.